DUPRE
*vs.*
SPLANE.

It is, therefore, ordered that this appeal be dismissed, with costs.

═══════════

### DUPRE *vs.* SPLANE.

16L 51
52 1292

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

An authority to an agent or attorney at law to collect a debt does not authorize him to novate it or enter into a compromise.

But where an agent, in the honest exercise of his judgment, makes an unauthorized settlement by receiving part of the debt in cash and the note of another person for the balance, and apprizes his principal, the latter must disapprove of it in a reasonable time, or his silence will be considered an approval.

The principal must make his election. He cannot hold his agent liable, and at the same time avail himself of his acts, if they should be advantageous.

So where the agent had a note to collect, and not being able to get all in money, and fearing the insolvency of the debtor, took a note on another person for the balance which was not paid, but of which he advised his principal, who made no objection at the time: *Held*, that the agent was not bound for the loss.

This is an action to render the defendant liable as agent, or attorney at law, for the balance on a promissory note placed in his hands for collection.

The plaintiff alleges that in October, 1830, he put in the defendant's hands, as his attorney at law, for collection, a note on one J. L. Johnson, for six hundred and forty dollars, bearing interest. That he did collect said note in 1831, from James Plaisted, Esq., the agent of Johnson, and is consequently bound for the whole amount of said note and interest ; but that he has failed to pay over any part of it except three hundred dollars. He prays judgment for the balance due thereon.

The defendant admits he received the note for collection as stated. That at the time it was put into his hands Johnson, the maker of the note, was dead and the solvency of his estate very doubtful. That it was understood that he was to use his best efforts to secure the debt, so as to prevent its loss. That in accordance with what he considered his instructions he made an arrangement with J. Plaisted, the attorney and agent of Johnson's estate, received three hundred dollars in cash and took Levi Foster's note for four hundred and twenty-six dollars, bearing interest at the rate of ten per cent. per annum, who was then deemed solvent, and the arrangement considered advantageous, all of which was forthwith communicated to the plaintiff, who, far from objecting, substantially ratified and approved it. That suit was instituted for the recovery of Foster's note, with the knowledge and consent of the plaintiff, and which was stayed by injunction ; and in the mean time Foster died, and his wife's and other mortgaged claims swallowed up his estate. He farther pleads prescription and reconvenes for damages. Upon these pleadings and issues the cause was tried by the court.

The evidence supported the facts mainly set out in the pleadings.

Plaisted, with whom the transaction was made, and agent of Johnson's estate, believed that both it and Foster were solvent at the time ; but that Foster was slow in payment, and he preferred giving " Foster's note in discharge of the balance against Johnson's estate ; not having yet collected money enough to pay it.

There was abundant testimony to show that Foster was in possession of a large property at the time this note was due, and for a year or two afterwards; and that suit was commenced, which was stayed by injunction, its trial delayed, and before final judgment Foster died. His estate being encumbered with mortgaged and privileged claims, the amount of this note was lost.

The transaction was made in 1831, and a correspondence kept up between the parties to 1834. The defendant apprised the plaintiff of what he had done, and paid over the three hundred dollars he received in part payment.

In the last letter, dated December 6th, 1833, the defendant wrote to the plaintiff as follows:

"Your esteemed favor of the 22d ultimo, is now before me. In reply I have to say as respects the claims of Lawson, (in whose name the debt now sued for by plaintiff,) that I have not as yet the money. Property has been seized by the sheriff to satisfy the claim, but not yet sold. I will use every endeavor to have the money made as soon as possible. Johnson's estate is insolvent, and I secured the debt by getting Foster's note. I have done every thing in my power to collect it, so you must not think hard of me or be uneasy."

This is the last piece of evidence in the record. In the year following this last letter, Foster's estate having proved insolvent, the plaintiff instituted this suit to render the defendant responsible for the balance due on the original claims against Johnson's estate. There is no evidence that the plaintiff ever disapproved or disavowed the arrangement made by his attorney, until the failure to collect Foster's note. On the whole evidence of the case, and after arguments of counsel, the district judge gave judgment for the defendant, and the plaintiff appealed.

*Gibbons*, for the plaintiff, submitted the case.

*Voorhies* and *Splane*, in *propria personæ*, contra.

WESTERN DIST.
*September* 1840.

DUPRE
*vs.*
SPLANE.

An authority to 'an agent or attorney at law, to collect a debt, does not authorize him to novate it or enter into a compromise.

But where an agent, in the honest exercise of his judgment, makes an unauthorized settlement by receiving part of the debt in cash and the note of another person for the balance, and apprises his principal, the latter must disapprove of it in a reasonable time, or his silence will be considered an approval.

The principal must make his election. He cannot hold his agent liable, and at the same time avail himself of his acts, if they should be advantageous.

So, where the agent nad a note to collect, and not being able to get all in money and fearing the insolvency of the debtor took a note on another person for the balance which was not paid, but of which he advised his principal who made no objection. *Held,* that the agent was not bound for the loss.

*Morphy, J.*, delivered the opinion of the court.

Plaintiff seeks to recover the balance of a note, placed for collection in the hands of defendant, as his attorney at law ; the estate of the drawer of this note being at that time unable to pay its whole amount, and defendant entertaining some doubts as to its ultimate solvency, he made an arrangement with the agent of the heirs, in September, 1831 ; he received three hundred dollars in part payment, and took for the balance the note of one Levi Foster, who at that time was possessed of a large amount of property and was generally considered as good ; some time after, however, he died and his estate was found to be insolvent ; proceedings had been instituted against said Foster, and every exertion made by defendant to collect the amount of the note, which has never been paid.

It is clear that a power to an agent or attorney at law, to collect a debt does not authorize him to make a novation or to enter into a compromise. *Louisiana Code, article* 2966. But it is equally clear that when, in the honest exercise of his judgment, an agent takes upon himself to make an unauthorized settlement, believing it advantageous to his principal, and apprises him of it, the latter is bound to express his disapprobation within a reasonable time ; if he continues to correspond with his agent on the same business, without objecting to the settlement made for him, he must be considered as approving it ; had the agent reserved some means of securing himself in the event of his arrangement being rejected, he would have been induced to neglect them. A principal must on such occasions make his election ; he cannot hold his agent liable for his unauthorized acts, and at the same time seek to avail himself of those very acts, in case they turn out to be advantageous. In the present instance, the letters which passed between the parties up to the end of 1833, have left on our minds the impression that from the beginning plaintiff had been apprised of the settlement made by his agent ; he received the three hundred dollars collected in consequence of it, and far from repudiating it as unauthorized, we find him in one of his letters urging defendant to collect the balance, which he had been told by the latter

was to be paid as soon as Foster's crop of sugar would be
sold ; we concur entirely in the view taken of this case by the judge of the inferior court.

It is, therefore, ordered, that the judgment appealed from be affirmed, with costs.