**STARR & HOWLAND** *vs.* **ZACHARIE & Co.**

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where agents sold property on short time for notes, which were not paid in full, but an extension of time given, on renewal, with small payments and interest included, all of which was communicated to the principals, who made no objection, until more than 7 months afterwards: Held, that the agents were not responsible for the balance due on the transaction.

The principal must disapprove his agents' acts within a reasonable time, otherwise he is bound by the acts of his agents, done in good faith.

EASTERN DIS.
*May*, 1841.

STARR
& HOWLAND
*vs.*
ZACHARIE & CO.

This is an action to recover the balance of a lumber account, amounting to $2874 43, according to a detailed statement annexed to the petition.

The plaintiffs allege, they made three several consignments of planed lumber to defendants for sale, amounting to $6030, which was duly received and sold by the defendants; that the latter sold on credit, and took notes, which was unauthorized. They further show, that after taking the notes of Dakin & Dakin, for the greater part of the lumber, the defendants, without authority, renewed them from time to time, and now insist on giving them in payment of the balance due. They allege, the defendants have made the debt their own, and have become personally liable for said balance; and they pray for judgment accordingly.

The defendants negatived every allegation in the petition.

Upon these pleadings and issues, the parties went to trial.

The evidence consisted principally of the correspondence between the parties, and is stated, so far as is material to the case, in the opinion of this court.

There were but little doubt about the facts; the question turned on the liability of defendants; whether they had made the debt their own or not?

The Judge of the Commercial Court was of opinion, the defendants were not liable. There was judgment in their favor; and the plaintiffs appealed.

*G. B. Duncan*, for the plaintiffs, insisted that the defendants

EASTERN  DIS.
May, 1841.

STARR
& HOWLAND
vs.
ZACHARIE & CO. made themselves liable for this debt, and the judgment should be reversed.

The defendants are liable for the note of Dakin & Dakin. They took the note in their *own name*, and wrote to the plaintiffs, that they had secured its payment. They have shown no diligence to collect it, nor even an offer to return it. Hosmer vs. Bebee, 2 Martin, N. S. 358; Richardson vs. Weston, 4 Idem, 244; Kinney vs. Crane, 17 La. Rep. 417.

*Strawbridge*, contra.

*Morphy*, J. delivered the opinion of the court.

This suit is brought, to recover the balance of the proceeds of a cargo of planed lumber, shipped to defendants, and by them sold, for account of plaintiffs, to Dakin & Dakin, architects of this city, at a credit of four and six months. The petitioners allege, that they never authorized defendants to sell their property on credit or to the said Dakin & Dakin, who at the time of the sale were not in good credit; that by keeping the notes received in payment, defendants constituted themselves their agents in relation to them; that when the notes became due, defendants neglected to have them protested and put in a proper train for collection, but did, without their consent or authority, extend the time of payment, and renewed the obligations of the purchasers from time to time, on their paying a portion of the same; that by pursuing such a course, defendants have made themselves personally liable for the balance due by the said Dakin & Dakin. The answers deny any indebtedness on the part of defendants. Judgment was rendered below in favor of the latter, whereupon the plaintiffs appealed.

From the evidence, which consists principally of a long correspondence between the parties, it appears, that the sale, out of which this controversy has grown, took place about the 20th of February, 1837; and that the particulars of it were immediately communicated to the plaintiffs, who made no complaint as to the length of the credit given, or as to the price ob-

tained. In several of their letters, plaintiffs repeatedly requested, that their notes should be discounted, in order to obtain remittances; being apprized by defendants of the impossibility of cashing these notes, on account of the extraordinary posture of affairs in the spring of 1837, the plaintiffs drew on defendants for one half of the nett proceeds of the sale, and their draft was accepted and paid. Dakin & Dakin being unable to take up their first note in June following, the defendants renewed it under an agreement, that they should pay ten per cent. interest, and ten per cent. of the principal on every sixty days' renewal. This arrangement was made known to plaintiffs, by a letter of defendants of the 27th of June, the receipt of which was acknowledged by a letter of plaintiffs, bearing date the 26th of August ensuing; although in the correspondence which took place after this time, plaintiffs speak often of their necessities and great want of money, and frequently urge defendants to make remittances, they express no disapprobation of the extension of time given to Dakin & Dakin, and intimate no intention of exercising any personal recourse upon defendants. At the time of the maturity of Dakin & Dakin's first note, defendants, being informed, that they had sold one half of their lot of lumber to Boyd & Co., and desirous of obtaining some additional security, they insisted on obtaining, and did obtain for one half of the debt Boyd & Co.'s notes, endorsed by Dakin & Dakin, which amount was ultimately paid. It appears, that the plaintiffs were apprized of this circumstance only in December following; and it is in their answer to this communication, that plaintiffs, on the 6th of February, 1838, for the first time declare, that the extension of credit, given in June preceding, was on defendants' responsibility, and that they would hold them personally liable for the debt. Under these facts, disclosed by the correspondence, we agree in opinion with the Judge below, that defendants should not be made to pay the balance yet due by Dakin & Dakin.

This court have held, that factors may sell on credit, if the sales be made in good faith, and to individuals in good credit;

EASTERN DIS.
May, 1841.

STARR
& HOWLAND
vs.
ZACHARIE & CO.

Where agents sold property on short time for notes, which were not paid in full, but an extension of time given, on renewal, with small payments and interest including, all of which was communicated to the principals, who made no objection, until more than 7 months afterwards: Held, that the agents were not responsible for the balance due on the transaction.

EASTERN DIS.
May, 1841.

STARR
& HOWLAND
vs.
ZACHARIE & CO.

3 Martin, N. S. 555. In this case, Dakin & Dakin, whose standing and credit appear to have been good at that time, were architects, and extensively engaged in business ; they had been recommended to defendants by Pritchard, plaintiff's friend and former agent, and the terms of credit were not unusually long ; but be that as it may, plaintiffs received without objection, and approved the accounts of sales. As to the other ground relied on by plaintiffs, it is true, that if a factor, after the sale of his principal's property, extends the terms of credit, or renews the notes of the buyer, he might be considered as making the debt his own, and the principal, when informed of this departure from the line of his duty, may disavow his act, and hold him personally liable for the debt; but this he must do within a reasonable time, otherwise he will be bound by his agent's acts, done in good faith. " If the principal," says Judge Story, " having received information by a letter from his agent of his acts touching the business of his principal, does not within a reasonable time express his dissent to the agent, he is deemed to approve his acts, and his silence amounts to a ratification of them." This presumption, he adds, seems now in favor of commerce to be universally acted upon ; Story on Agency, p. 250. If the arrangement, which defendants thought they could take upon themselves to make in June, 1837, did not meet plaintiffs' approbation, it was their duty to repudiate it forthwith, and not to suffer their agents to go on renewing this note, apparently with their consent, and receiving the diminution paid on the renewals. After a silence of eight months, and when Dakin & Dakin ceased even to curtail their note, it was too late to disavow the arrangement made by defendants ; who throughout the whole affair appear to have acted with good faith and an anxious desire to promote the interest of their principals. If, by taking the notes of Boyd & Co. and mentioning the circumstance only some time after, they acted improperly, plaintiffs cannot complain of it, for the whole of that portion of the debt has been recovered ; nor can they take occasion of it to retract the tacit approbation, they had

*The principal must disapprove his agents' acts within a reasonable time, otherwise he is bound by the acts of his agents, done in good faith.*

already given to the conduct of their agents, in renewing the notes of Dakin & Dakin. 11 La. Rep. 288; 16 Idem, 54.

EASTERN DIS.
May, 1841.

STARR
& HOWLAND
vs.
ZACHARIE & CO.

Another ground of liability has been relied on in argument, though not set forth in plaintiffs' petition; it is drawn from a passage of a letter of defendants, written on the 18th of February, 1838. They say, "Yours of the 6th inst. is received, and we notice your remarks relative to our having renewed the notes of Messrs. Dakin & Dakin; had we not done so, they would have been protested, and you might have been worse off, as in renewing we collected ten per cent. of the amount; and the writer has made arrangements to secure the balance, by deducting out of the cost of his buildings, which he has just contracted with them to rebuild." It is urged, that this is a positive and unconditional engagement on the part of defendants, to pay the uncollected balance on the sale of the lumber. We cannot view it in this light. The evidence shows, that about that time defendants made a contract with Dakin & Dakin, to build five stores, for the price of $17,000; they contemplated retaining the amount of the builder's debt to plaintiffs out of the sums they would have to pay for the buildings, and it is the announcement of this expectation, which is now sought to be fixed upon defendants as a positive obligation to pay the amount. It is in proof, that the arrangements, spoken of by defendants, and out of which they expected to secure plaintiffs' debt, failed without their fault. Dakin & Dakin never finished the buildings, and remained indebted unto defendants in a sum exceeding $3000, exclusive of the amount due to plaintiffs. The latter have not shown, that their reliance on this promise, to secure their debt, induced them to delay asserting their rights against their debtors; they have not made it one of their grounds of action in their petition, and they predicated their demand against defendants on the original act of not protesting the notes, and renewing them from time to time.

The judgment of the Commercial Court is therefore affirmed with costs.