Thomas v. Scott.

### ISAAC THOMAS *v.* JOHN B. SCOTT.

Where real property is purchased by a commercial firm, the members of the firm become joint owners thereof; and it cannot be alienated by one partner, without the consent of the rest. C. C. 2796. But where the latter, by receiving a portion of the price, subsequently ratify a sale by the former, they will be estopped from asserting any title to the prejudice of a *bona fide* purchaser.

Partners cannot plead ignorance of the transactions of their house.

The act of receiving the whole or a part of the proceeds of property, sold without authority, amounts to a ratification of the sale, and will preclude the owner from disturbing the purchaser.

Though the legal title to real property bought by a commercial firm, be in the members individually, each holding an undivided share, the value thereof belongs to the partnership; and a partner, after disposing of his interest therein, cannot avail himself of his legal title to sue for a partition.

APPEAL from the District Court of Rapides, *King*, J.

*Flint*, for the appellant.

*Brent*, contra.

MORPHY, J. This a petitory action by which the plaintiff seeks to recover an undivided half of a piece of ground in the town of Alexandria. He alleges that the mercantile firm of John C. Pryor & Co., which was composed of John C. Pryor and himself, purchased the said property at the sale of the succession of John P. Randolph; that on the 6th of February, 1830, while he was absent from the parish of Rapides in the discharge of official duties, his partner, John C. Pryor, pretending to act in the name of the firm, but without any authority to so do, made a conveyance of the lot of ground to F. M. LaFerrière Levesque, since which time, under sundry mesne conveyances, the same has come into the possession of the defendant, John B. Scott, who now claims to be owner of the whole of it. The defendant pleaded the general issue, and called in his vendor Wm. P. Scott. The several vendors of the premises were successively cited in warranty, until LaFerrière Levesque appeared to defend the suit. After a general denial he averred that the plaintiff authorized and approved of the sale made to him by J. C. Pryor & Co., and derived a direct profit and advantage from it, as debts, for which he was with others bound *in solido*, have been discharged and paid with the purchase money; and that, moreover, the plaintiff has since, in divers ways,

and by divers acts, ratified the said sale. The defendant averred, further, that after the purchase, he had made improvements on the property to the amount of $10,000 ; and prayed, should the court decide that the plaintiff is entitled to one undivided half of the property, that he may be decreed to reimburse at least one-half of the purchase money and of the improvements. There was a judgment below in favor of the defendant, and the plaintiff has appealed.

This court has held that, if real property be purchased by a commercial firm, the several members of it become joint owners of the property thus acquired. It follows, as a corollary, that one partner cannot afterwards alienate it, without the consent of the other partners. Civ. Code, art. 2796. 1 Mart. N. S. 290. 4 La. 397. The only question then is, whether, in this case, there are any circumstances which should preclude the plaintiff from recovering.

The record shows that the sale to LaFerrière Levesque, by the firm of J. C. Pryor & Co., was made for and in consideration of one thousand dollars, payable as follows : $316 44 in cash, and the balance, being $683 56, in a draft at four months from the 6th of February, 1830, drawn by the purchaser on the house of J. Hagan & Co., of New Orleans. James Armor, whose testimony was taken under a commission directed to New Orleans, testifies that he was the commission merchant and agent of the plaintiff, and, also, of the house of John C. Pryor & Co. of Alexandria, in 1830 ; that he received the draft described in the sale to LaFerrière Levesque on J. Hagan & Co. ; that the said draft was paid at maturity ; and that he passed the proceeds to the credit of John C. Pryor & Co., and afterwards accounted therefor in his settlement with the plaintiff himself. This witness says that the plaintiff may have mentioned to him that the draft had been given in payment of property in Alexandria, sold by the firm of John C. Pryor & Co. to LaFerrière Levesque, but that he does not recollect it. It further appears in evidence, that the sale to the defendant was recorded in the parish of Rapides, on the 6th of February, 1830, and the present action was brought only on the 14th of May, 1835. These facts appear to us sufficient to estop the plaintiff. It cannot be supposed, when the proceeds of this draft were either paid,

or accounted for to him, that he was uninformed of the object for which it had been given. The partners of a firm cannot plead ignorance of its transactions. The books of the concern must, at all events, have acquainted the plaintiff with the origin of this draft, even were we to admit that his absence from the parish, at the time of the sale, prevented him from knowing it then. There is no principle better settled in our jurisprudence, than that the act of receiving the whole or a part of the proceeds of property, sold without authority, amounts to a ratification of the sale, and precludes the owner from disturbing the purchaser. In the case of *Baca* v. *Ramos et al.* 10 La. 420, we held, that when a commercial firm buys real property, although the legal title to it be in the members of the firm, and each holds an undivided share or interest in it, yet the value thereof belongs to the partnership, which has an equitable title to it ; and that one partner, after parting with all his interest in it for a given sum, has no right to avail himself of his legal title to sue for a partition. So, in the present case, the plaintiff, after receiving his proportion of the value of the property which belonged to the firm, cannot now be permitted to urge his legal title to the prejudice of a *bona fide* purchaser, who has paid the value to the firm.

*Judgment affirmed.*