HON. J. G. TALIAFERRO,
HON. R. K. HOWELL,
HON. W. G. WYLY,
HON. P. H. MORGAN.
} *Associate Justices.*

---

### No. 3523.

### KEHLOR, UPDIKE & CO. *v.* KEMBLE, HASTINGS & CO.

The failure of the principal to repudiate immediately, or within a reasonable time, the acts of his agent when informed of them, must be construed into an acquiescence.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Breaux, Fenner & Hall,* for plaintiffs and appellees. *Randolph, Singleton & Browne,* for defendants and appellants.

HOWELL, J. The plaintiffs allege that they shipped to the defendants in Boston, Massachusetts, three lots of flour, with instructions to sell immediately on arrival, and that in disobedience to said instructions they held the flour until it greatly declined in value and sold at a loss, for which they ask judgment.

The defendants answer that they received the flour to be sold for account of plaintiffs as alleged; that they made large advances to the plaintiffs on said shipments; that after the flour was sold and all credits allowed, the plaintiffs were in debt to them for a large balance, which the plaintiffs admitted and promised to pay, and which is claimed in reconvention. Judgment was rendered in favor of plaintiffs for a part of their claim, and the defendants appealed. The district judge thought the plaintiffs ratified the acts of the defendants up to a certain date and made the latter responsible for the loss after that date. We agree with him that the acts of the plaintiffs during that time were a

ratification of defendants' course, but we think the same effect should be given to the acts of the plaintiffs after the said date. It was on the twentieth July, 1868, that the defendants received the last instructions, and the sales were not completed until in September; but it is shown that the plaintiffs were duly informed, by letter and telegraph, of what the defendants were doing, and they did not object until the sales were closed out and the final account, showing the amount of the loss, was rendered. Having overlooked the departure from former instructions, the defendants might construe their subsequent silence to a similar disposition to take the chances of the market, particularly as the plaintiffs were regularly kept advised of the condition of the market and the difficulty of effecting favorable sales, and of the sales as they were made by the defendants. We think the failure of the plaintiffs to repudiate, immediately or within a reasonable time, the acts of their agents when informed of them, must be construed into an acquiescence. See 3 An. 468; 6 An. 538; 12 An. 159; 7 N. S. 143; 16 La. 51; 18 La. 517.

It is therefore ordered that the judgment appealed from be reversed, that the demand of plaintiffs be rejected, and that defendants recover of plaintiffs on their reconventional demand, fourteen hundred and seventy-eight dollars and ninety-five cents, with six per cent. interest from thirtieth September, 1868, and costs.