*848 The opinion of the court was delivered by
Breaux, J.
The plaintiff sues to compel the defendant to accept-title to a certain piece of property on Canal street.
The defendant agreed with plaintiff to purchase it from her for the sum of $6500.
The defendant, after an examination of the title, refused to accept-it, on the ground that the judgment pronounced in the year 1866 in the suit of the Bank of New Orleans against O. Toledano, No. 21,^799, of the late Third District Court, was null and void.
The said judgment was rendered for the sum of $51,477.63, upon confirmation of a default.
Under the execution of that judgment the property was acquired by Royal A. Porter, on 5th February, 1867.
Upon certain of the notes merged in the judgment, the endorsement of C. Toledano, the debtor, was by his agent, John Taylor. His-authority to endorse as agent is not questioned, but his authority to-represent the defendant in case No. 21,799 is denied.
The petition in that suit sets forth the authority -of the agent to-represent the defendant in the suit.
In the act of procuration the principal, Toledano, gives full power■ to his agept to manage and transact all his business: to draw checks and drafts; to make promissory notes, bills of exchange, drafts, bonds- and all other obligations for the payment of money; to receive moneys and contract debts; to lease, sell and mortgage his property -
The power is general in terms, and the agent is especially authorized to ask, demand, sue for, recover and receive all sums of money due the principal, also to appear before all courts of law.
There is in the suit a citation to Toledano by service upon the said agent.
If it be conceded that the power was not so ample as it should have been there was absolute acquiescence in the sale.
The defendant, Toledano, departed this life three years after the judgment had been obtained, and nearly that time elapsed between the date of the sale of the property and that of his death.
He must have known that he had been sued through his agent, and that the property had been sold.
The agent’s authority was never denied while the principal lived.
The maxim Semper qui non prohibet aliquem se intervenire, mandare creditur applies after these many years, during which the authority of the agent alleged judicially has remained unquestioned.
*849 At this time the heirs do not dispute his authority.
After the death of the late O. Toledano, they ratified the proceedings in which the judgment was pronounced and the sale made.
The mortuary proceedings disclose that an inventory was duly made and an administrator appointed.
The administrator, in due time, presented a provisional account of his administration, from which we extract:
“The above balance of $24,450 has under the beforere cited order of the Second District Court been applied in part payment of the judgment obtained by the Bank of New Orleans against the deceased, in the Third District Court for this parish, in the suit numbered 21,799 in the docket of said court, for the sum of $51,477.63.”
Some time after a tableau of distribution was filed.
The judgment for the same amount is carried on the tableau.
It was duly homologated.
Lastly, a final tableau of distribution was filed, also setting forth the indebtedness proven by the judgment now assailed and referring in term to that judgment.
Three of the heirs opposed the homologation.
Due advertisement was made and notice given of the filing.
This .judgment was taken account of throughout in casting the debit side of the succession account.
It was partly paid with the proceeds distributed by the administrator, contradictorily with the heirs.
The ratification was entire and relates back to the suit in which judgment was pronounced.
More than twenty-six years have elapsed since the homologation and more than ten since Mrs. Porter, a third person to the original transaction, became the owner by purchase from the succession.
This period has cured all informalities, if any could remain, not cured after the heirs have expressly ratified the title by consenting to the distribution made and the partial satisfaction of the judgment.
The judgment appealed from in this case condemns the defendant to accept title.
No reference is specially made in the judgment to rents, which, in accordance to the agreement, is to be turned over to the vendees, nor to the taxes due on the property.
*850 The deed tendered is not in evidence.
The defendant waived the tender. ■
In his pleadings he does not complain that the deed was not drawn in accordance with the terms and conditions of the agreement to purchase.
It will not be presumed that plaintiff has sought to evade any part of these terms and conditions.
We therefore will not amend the judgment as urged by defendant should be done. It covers all the rights of the parties.
The plaintiff and appellee prays for the infliction of damages for a frivolous appeal. '
The defendant, in earnestly submitting his grounds of defence in matter of title to realty, has not rendered himself liable to damages.
Even if he had been over-prudent inmatter of a title to immovable property, the lack of seriousness and earnestness must be obvious to justify the infliction of damages.
Judgment affirmed at appellant’s costs.