No. 2322

Second Circuit

---

DAVIS v. AMEREDA PETROLEUM CORP.

---

(November 10, 1927.  Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Mandate—Par. 8.**
Where recovery depends on proof of agency and there is no proof either that the alleged agent was authorized by the defendant or held out as defendant's agent, or defendant either tacitly or expressly ratified his acts, there can be no recovery against defendant.

Appealed from the Second Judicial District Court of Louisiana, Parish of Claiborne.  Hon. John S. Richardson, Judge.

Action by J. L. & D. M. Davis against Amereda Petroleum Corporation.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

T. H. McEachern, of Homer, attorney for plaintiff, appellee.

J. S. Atkinson, Alex. F. Smith, of Shreveport, attorneys for defendant, appellant.

ODOM, J.  Plaintiff brings this suit to recover from defendant the sum of $157.16 for lumber and other building materials alleged to have been sold and delivered to and used by defendant.

The defense is that defendant did not purchase the materials and is in no way liable.

The District Judge gave plaintiff judgment as prayed for, and defendant prosecutes this appeal.

## STATEMENT OF THE CASE AND OPINION

In the spring of 1922 the defendant corporation, then engaged in the oil business in the Haynesville field, employed C. B. Smelser to erect certain buildings on its Baucum and White leases.  Defendant's contract with Smelser, the contractor, called for a "turn key" job.  Smelser was to furnish all materials and do all the work for a stipulated price.  When the work was completed defendant paid Smelser the full amount agreed upon, $3,120.00.

Smelser purchased the lumber and other materials for the buildings from the plaintiff.  The bills for the first lumber and materials which went into the main buildings were paid.  But it seems that later on other materials were needed for some additional improvements on defendant's property, which improvements were being made by Smelser, the materials necessary for said improvements being purchased by Smelser from plaintiff.  These later bills were not paid, and it is for the enforcement of these bills this suit is brought.

Plaintiffs allege in their petition that they

"sold and delivered unto said defendant, through C. B. Smelser, its duly authorized agent for the purpose,"
the materials for which they sue.

Plaintiffs do not seek to enforce a lien upon defendant's property or to hold it responsible for their claim under the building contract law of the state; but they rely solely upon the proposition that Smelser, in purchasing the materials, acted as the agent of defendant and that he purchased for defendant and not for himself.

Mr. Arnold, bookkeeper for plaintiff, testified that Smelser went to his office and asked to purchase lumber and materials for the erection of the building and im-

provements on defendant's property and that Smelser told him that defendant would authorize the purchase, and that next morning he received a telephone call from the company telling him to sell Smelser the materials, but he does not know who, connected with defendant company, called him, did not ask the name of the party, and had no idea who it was; but, he says, he acted upon the telephone call and let Smelser have what he wanted.

He further testified, on direct examination, that defendant paid, by check, the bills for the first materials ordered, and that while defendant did not authorize the purchase of the second bill, that sued for, he relied upon defendant's authorization of the first bill and its paying therefor as sufficient authority to sell Smelser the second bill for account of defendant.

We note by reference to the bills attached that the account is not made out against defendant but against Smelser.

With reference to the payment of the first bills, Mr. Arnold admitted, on cross-examination, that he did not know whether these payments were made by defendant or not. The payments were made by check, and Mr. Arnold was asked:

"Q. Do you know who drew the check or anything about it?
"A. No, sir; Mr. Smelser brought the check back and I took it to the bank; that's about all I can remember about it.
"Q. You don't know anything about who drew the draft?
"A. No, sir.

*  *  *  *  *

"Q. You remember that the Amereda Petroleum Corporation's name was on there, but you have no idea what the amount was?
"A. Yes, that's right.
"Q. Isn't it a fact that check was made payable to C. B. Smelser?
"A. That's the way I remember it. Just like I stated."

It seems clear, therefore, that defendant did not pay plaintiff anything but issued to Smelser its check or draft for account on the contract and that Smelser in turn delivered it to plaintiff in payment for materials which he had purchased.

If there were no other testimony in the record the above would be scant proof on which to fasten liability on defendant. But there is other testimony.

Mr. Oscar Hardy was employed by defendant as general district superintendent and was in charge of operations in the Haynesville field. He testified that he contracted with Smelser to erect the buildings for a stipulated price of approximately $3,000.00, Smelser to furnish all materials; that neither he nor any one else, so far as he knew, acting for defendant, authorized plaintiff to sell Smelser lumber or other materials for its account; that he had no telephone conversation with Arnold, plaintiffs' bookkeeper, with reference to the lumber or anything else, and, so far as he knew, no one else had; that no one else had authority to make such authorization; and, further, that he knew nothing of plaintiff's claim until after both he and Smelser had left Haynesville.

Mr. C. N. Bair was employed by defendant as field superintendent. He testified that it was his duty to issue all checks for contracts and work in the field and that checks for such were issued by no one else; that he did not issue to plaintiffs a check to pay for lumber, but that when Smelser completed the work he issued to him a check to cover the full amount of the work done. He further testified that he did not authorize plaintiff over the telephone or otherwise to sell Smelser anything, and that his recollection was that defendant had no telephone in the field at the time.

According to their testimony, Hardy and Bair had full charge at the time..

After hearing this testimony, plaintiffs offered nothing in rebuttal.

Plaintiffs, in brief, cite Flower vs. Jones, 7 Mart. (N. S.) 140, holding that ratification of an agent's acts may be tacit or express; and Johnson vs. Carrere, 45 La. Ann. 847, 13 So. 195, holding that a principal's acts should be liberally construed in favor of ratification; and Meyers vs. Simmons, 19 La. Ann. 370, holding that a principal who ratifies the acts of his agent cannot afterwards plead want of authority in the agent to act.

No criticism can be offered against these holdings; but plaintiffs' case falls for lack of proof. There is no proof at all that Smelser was the authorized agent of defendant or that defendant had at any time held him out as its agent; and there is no satisfactory proof that defendant authorized plaintiffs to sell him lumber; and if it be conceded, as plaintiffs would have us do, that Smelser held himself out as defendant's agent, there is no satisfactory proof that defendant either tacitly or expressly ratified his acts.

The District Court erred in holding defendant liable.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and avoided and plaintiffs' demands rejected and their suit dismissed at their cost.