On Motion to Dismiss.
 

 HAND, J.
 

 Judgment was rendered in the lower court in favor of plaintiff, decreeing her to be the owner of the race horse, Kadiak, a six year old chestnut gelding, and maintaining the writ of sequestration issued herein.
 

 From this judgment defendant prosecuted to this court a suspensive appeal, which was dismissed on motion of'plaintiff, 172 La. 761, 135 So. 232.
 

 As soon as possible thereafter, defendant filed a petition for a devolutive appeal, which was granted April 2, 1931, and made returnable to this court, May 11, 1931. A motion to dismiss this appeal also has been filed by plaintiff, on the ground that defendant had agreed with plaintiff that no appeal should be taken herein, except within 30 days from the signing of the judgment in the district court.
 

 As the first appeal was perfected within the time limit prescribed by the agreement, and as the second appeal is but a continuation of the first, the motion to dismiss is overruled and denied.
 

 On the Merits.
 

 Suit No. 31202 contains- only a motion for devolutive appeal, an order granting same, and an appeal bond executed by defendant.
 

 Suit No. 31120 is the main suit, involving the ownership of the race horse in question.
 

 It is agreed that the proceedings in this case shall be considered as if the suit were brought against and the answer filed by William E. Schmidt.
 

 On October 15, 1930, Si N. Holman, agent of plaintiff, Miss Blanche Watson, sold to defendant, William E. Schmidt, the horse, Kadiak. This sale was made at Cicero, 111., for the sum of $2,000 cash, and the animal was delivered to the purchaser.
 

 Plaintiff contends that her agent was without authority to sell the horse. At the date of this sale, the Farmers’ Supply Company of Lexington, Ky., was threatening plaintiff with suit for $1,748.44 for a lot of feed for the winter, delivered by this company at plaintiff’s farm in Kentucky.
 

 On October 16, 1930, the Farmers’ Supply Company drew a draft on Holman for the amount of the bill due for this feed. The evidence clearly shows that plaintiff was in financial straits in September and October, 1930, in so far, at least, as ready cash was concerned. On October 6, 1930, plaintiff had wired Holman from Baltimore that the Farmers’ Supply Company was about to attach for the feed bill, and for him to sell a filly, Easter by name, for $300.
 

 On October 16, 1930, the next day after sale of Kadiak by Ilolman to Schmidt, Holman wired plaintiff: “'We are lucky. Sold Kadiak for two thousand dollars. Took up draft Farmers’ Supply Company.”.
 

 Plaintiff admits that she received this telegram the next day after it was sent, and that she actually knew of the sale at that time.
 

 At no time, prior to the institution of this suit on December 26, 1930, did plaintiff notify defendant that Holman was without authority to sell the horse, Kadiak; nor did plaintiff at any time before this suit tender to defendant the amount of the purchase price received by her, and demand the return to her of the horse.
 

 
 *95
 
 Plaintiff arrived in the city of New Orleans about December 16th or 17th. Kadiak ran but once from August 30, 1930, until October 15, 1930, the date of the sale by Holman to Schmidt, but, after the sale, he ran at the Jefferson Parish Fair in November and December, 1930, at least six times and won four races. During all of this time the horse was in the possession of defendant. Under the above state of facts, it is clear that plaintiff has ratified the sale, for it is well settled that the silence of a principal, after knowledge of an unauthorized or illegal act of his agent, is equivalent in law to an acquiescence in and ratification of the act or conduct of the agent.
 

 It is also hornbook law that the owner who receives in whole or in part the proceeds of a sale, made without his authority, ratifies it and cannot disturb the purchaser. Ward v. Warfield, 3 La. Ann. 468; Lafitte v. Godchaux, 35 La. Ann. 1161; Allison v. Watson, 36 La. Ann. 616; Bennett v. Bank, 34 La. Ann. 150; Starr v. Zacharie, 18 La. 517; Dupre v. Splane, 16 La. 51; Raymond v. Palmer, 41 La. Ann. 425, 6 So. 692, 17 Am. St. Rep. 398; Johnson v. Carrere, 45 La. Ann. 847, 13 So. 195; Thomas v. Scott, 3 Rob. 256; Delaney v. Levi, 19 La. Ann. 251.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that defendant, William E. Schmidt, have and recover judgment in his favor against plaintiff, Miss Blanche Watson, decreeing the defendant to be the sole and only owner of. the six year old chestnut gelding, Kadiak, the animal in dispute in these proceedings.
 

 It is further ordered that the writ of sequestration issued against defendant be, and the same is hereby', dissolved; and that plaintiff’s demand be rejected and her suit dismissed at her cost.