REID, Judge.
This is a petitory action brought by plaintiff, Alex Joseph, against Greater New Guide Baptist Church, Inc., alleging he is the lawful and record owner of an undivided one-fourth (}4) interest in and to the following described property, situated in the Parish of East Baton Rouge, State of Louisiana:
“A certain lot or parcel of ground lying and situated in the Parish of East Baton Rouge, in the City of Baton Rouge, in that Subdivision known as ‘Suburb Grade’, and being designated on the plan thereof, on file in the office of the Clerk and Recorder as Lot No. Six (6) Square No. Twenty-seven (27) Suburb Grade.”
Plaintiff alleges he acquired this interest by act of cash sale dated January 11, 1946 from William Joseph Sr., recorded in Original 80, Bundle 1799; defendant, Greater New Guide Baptist Church, Inc., purportedly acquired by act of sale dated January 18, 1962 from Paul Keary and Leola Keary the southernmost 30 feet of the above described property which deed is of record as Original 47, Bundle 50S7 of the official records of said Parish; defendant acquired from Paul Keary and Leola Keary by deed dated April 30, 1962 the northernmost 37 feet of said property which deed is of record as Original 49, Bundle 5113 of the records of East Baton Rouge Parish. The two descriptions constitute all of said Lot No. 6, Square 27 of Suburb Gracie of said Parish.
It is also alleged that although plaintiff is the owner of an undivided interest in the said property, the defendant is in possession of the property, and plaintiff alleges bad faith possession on the part of the defendant. He prays for damages in the amount of $5000.00 and for recognition of himself as lawful owner. Annexed to the petition and made a part thereof are *558 certified photostatic copies of the original acts of sale from William Joseph to William Joseph Jr., Leola Joseph Cary, Alex Joseph and Armature Joseph Warner, and the two acts of sale from Paul Keary and Leola Keary to Greater New Guide Baptist Church, Inc.
Defendant filed an answer admitting the acquisition by plaintiff of his interest in the property and the two acquisitions by defendant and denies the remaining allegations of plaintiff’s petition.
Plaintiff then filed a motion for summary judgment alleging there was no genuine issue as to any material fact as to plaintiff’s prayer for recognition as owner of said undivided one-fourth interest in the same property and asked for judgment as a matter of law. Attached to the motion is an affidavit of Russell Bankston, an attorney to the effect he has examined the conveyance records and found the acquisition by Alex Joseph of the undivided one-fourth interest in said property and he has diligently searched the vendor’s indexes of the conveyance records for the Parish of East Baton Rouge since the date of plaintiff’s acquisition and failed to find he had conveyed, alienated or disposed of his said interest in and to said property, although he did find a deed by Alex Joseph, William Joseph Jr., and Armature Joseph Warner to Leola Joseph Keary covering their interest in this property, which deed is of record as Original 77, Bundle 1932 in Book 683, folio 435 of the conveyance records of the Parish of East Baton Rouge, and attached a photostatic copy of said deed to the affidavit. This photostat of the original deed does NOT contain the signature of Alex Joseph, and he did not sign it, although he is set out in the body of the deed as a vendor.
Defendant failed to file counter affidavits of any kind and the matter came up for trial on motion for summary judgment, and the Lower Court made the rule absolute and rendered a judgment declaring Alex Joseph to be récord owner of one-fourth undivided interest in the property described in the petition, and dismissed the suit of plaintiff insofar as further claims are concerned, all at the cost of defendant.
This appeal is taken by defendant from that judgment.
Subsequently, defendant changed attorneys and the present attorney asked the attorney for plaintiff to make a statement of facts relating to the trial of the motion for summary judgment which request was refused. Present counsel for defendant then asked the Court to give a statement of facts, which it did and which contained the following :
“Counsel for defendant in his argument referred to a letter which had been received by the Church from the plaintiff in which the plaintiff is purported to acknowledge receipt of some money out of the purchase price paid by the Church in the purchase of this property.
“No evidence was taken and no evidence offered on the trial of the motion. Counsel for defendant did ask for time to enable him to investigate the truthfulness of the contents and the facts pertaining to the statement of the letter but the request was overruled by the Court * * * ”
Defendant appellant made the following: assignment of error by the Trial Court:
“The Trial Court erred in holding in this petitory action, where the claim of ownership by plaintiff was denied by defendant, that an affidavit of an attorney that the plaintiff acquired the claimed title in 1946, in accordance with the Conveyance Records, and that such Records from 1946 to date do not show that he had conveyed such title, resolved all doubt that there was a genuine issue of fact to be tried and accordingly in so granting a summary-judgment based solely on that affidavit.”
*559 The defendant, in his answer, put at issue the question of whether or not plaintiff remained the lawful and record owner of an undivided 14 interest in and to the said property. We do not think an affidavit of an attorney showing- there is no deed of record is sufficient proof of this allegation (denied by defendant) that plaintiff still lawfully remained the owner of the property as between him and the defendant.
The fact there was no deed of record would change the situation where third parties had acquired the property in dispute from plaintiff on the strength of the public record'. This would have no effect between this plaintiff and defendant.
According to the statement of fact made by the Judge of the Lower Court counsel for defendant in his argument on the motion for summary judgment, referred to a letter which had been received by the church from the plaintiff, acknowledging receipt of some money out of the purchase price paid by the church for the purchase of this property. We are of the opinion under such circumstances the possibility of the party having transferred his interest in the property is not refuted, but in fact by the answer it is questioned and proof is required that the circumstances of the non-transfer of the property be adduced. Though there is no record title of conveyance there is nothing to refute the proposition that the party may have transferred or renounced his interest in the property and such act had not been recorded.
Our Courts have held that an owner who receives in whole or in part proceeds from a sale made without his authority ratifies it and cannot disturb the purchase. See Thomas v. Scott, 3 Rob. 256; Succession of Gilmore, 154 La. 105, 97 So. 330; Watson v. Schmidt, 173 La. 92, 136 So. 99.
We have repeatedly held persons moving for summary judgment have the burden of showing there is no material factual issue and in the absence of such showing the motion for summary judgment is denied. See Wilkinson v. Husser, La.App., 154 So.2d 490; Kay v. Carter, 243 La. 1095, 150 So.2d 27.
We do not know the contents of the letter, or what facts it will disclose which will have some bearing on the issues in this case.
Under the provisions of Article 2164 LSA-C.C.P.:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. Ht ik ^
The official revision comments on this Article are:
“(a) The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below. This article insures that the ‘theory of a case’ doctrine, which has served to introduce the worst features of the common law writ system into Louisiana is not applicable to appeals under this Code. See Hubert, The Theory of a Case in Louisiana, 24 Tul.L.Rev. 66 (1949).”
For the above and foregoing reasons it is ordered that the judgment of the Lower Court, awarding a summary judgment, be reversed and this matter remanded to the Lower Court for trial on the merits. Cost of the appeal to be borne by appellee, other costs of court to be determined after the trial on the merits.
Reversed and remanded.