194 So.2d 127 (1966)
Alex JOSEPH
v.
GREATER NEW GUIDE BAPTIST CHURCH, INC.
No. 6852.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
Rehearing Denied February 6, 1967.
Writ Refused March 10, 1967.
*128 Melvin A. Shortess, Baton Rouge, for appellant.
Ashton L. Stewart, of Laycock & Stewart, Samuel Dickens, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge.
This is a petitory action in which plaintiff, Alex Joseph, is seeking to be declared the owner of an undivided one-fourth interest in Lot 6 of Square 27 of Suburb Gracie in the City of Baton Rouge. The defendant, Greater New Guide Baptist Church, Inc., filed an answer which amounted to a general denial.
Subsequently, a motion for summary judgment, supported by affidavits was filed on behalf of plaintiff, and was maintained by the trial court. On appeal, the judgment was reversed and the case remanded for trial. See Joseph v. Greater New Guide Baptist Church, Inc., 159 So.2d 556 (La. App.1963).
After the remand, defendant filed a supplemental and amended answer, reconventional demand and third party petition, the net effect of which was to ask that it be recognized as owner of the lot, and to ask for judgment over against their attorneys for such damages as they might suffer if plaintiff should prevail.
Issue was joined on all points, and, after trial, judgment was rendered dismissing plaintiff's demand. From this judgment, he has appealed.
The facts in the case appear to be virtually uncontested. Alex Joseph acquired an undivided one-fourth interest in the subject property on January 11, 1946. The other co-owners, who acquired at the same time, were Williams Joseph, Jr., Leola Joseph Cary, wife of Paul Cary, and Armatine Joseph Warner, wife of Johnny Warner.
On August 31, 1946, Williams Joseph, Jr., and Armatine Joseph Warner sold their interest in the property to Leola Joseph Cary, whose name is hereinafter spelled Keary. Although plaintiff's name appears in the deed as a vendor, he did not sign it and his interest was not conveyed thereby.
On January 18, 1962, there appears of record a sale from Paul Keary and Leola Keary to defendant therein, conveying the southernmost 30 feet of the subject property for a recited consideration of $2800.00 cash.
By deed dated April 30, 1962, the remaining 37 feet of Lot 6 was sold by Paul and Leola Keary to the defendant for a cash consideration of $7000.00.
*129 Alex Joseph never made any record transfer of his interest in the property. His testimony appears in the record by way of answers to certain interrogatories propounded to him by defendants. His answer to interrogatory No. 6 is as follows:
"Sometime in the early part of May my brother in law, Paul Keary, called me on the telephone at my home in Berkeley. He told me he had something for me, and asked me to come out to his son's house on 98th Avenue in Oakland, California. I went out to the house and he told me that the court had given him and my sister Leola Keary the Baton Rouge property and that I had no interest in the property. He said that two lawyers had told him I had no right in the property at all. Then he went on to say that he had sold the property to the GREATER NEW GUIDE BAPTIST CHURCH in Baton Rouge for $7000.00 and that none of that money belonged to me. However, he said that he had talked it over with his pastor and had decided that out of the kindness of his heart he was going to give me and my brother William Joseph and my sister Amatine Warner each $1000.00. He said it was just a gift from him and that I had no legal right to it at all. A couple of days later I told him that I was thinking about getting myself a lawyer, and when I said this, Paul told me that if he had known I was going to do this, he would not have given me any money at all. I had absolutely no knowledge that he was going to sell the property, and when I received the $1000.00, I had no way of knowing that his story was false."
On May 16, 1962, shortly after the interview with Keary, he mailed the following letter to the defendant:
"New Gouid Batis Churl
"Baton Rouge La.
"Dear church
"I am one of the airs of the propty that you bough at 1817 north 19th St I am one of the air of that propty I would like to no very much how much you paid for the property I only receive $1,000.00 and yet I have not sin any papers Will you be kind enoug to send me that emnation I will be getting me a lawer to see about it because I didnt get my shar I no that is not your buiness it is mine to no about these thing I have never sin any papers and it is three more airs of us and all of us can be easy found so I am sure you will be hearin from my lawer soon
"Yours truely Alex Joseph
"2831 Dolm St. Berkeley, 2, Calif."
Based on the above circumstances, which are uncontested, the trial court found that plaintiff had ratified the sales by accepting and retaining a portion of the purchase price. Appellee urges that it is correct in this respect and cites in support of its contention the cases of Thomas v. Scott, 3 Rob. 256 (1842); Succession of Gilmore, 154 La. 105, 97 So. 330 (1923); and Watson v. Schmidt, 173 La. 92, 136 So. 99 (1931).
We do not find these cases to be applicable in such a situation as this. In every one of those cases, there existed an apparent agency relationship, in which the seller purported to act on behalf of or in the name of the owner, who subsequently, and with full knowledge of the surrounding circumstances, accepted the benefit of the transaction. Those circumstances do not exist in this case. Paul and Leola Keary never purported to act on behalf of plaintiff at any time. On the contrary, they represented themselves to be the owners of the entire interest in the property.
Neither was plaintiff ever made aware of the real circumstances surrounding the sale. Before there can be a ratification of an unauthorized act by an agent, the principal must have full knowledge of the facts surrounding the act. Noble v. Plouf, 154 La. 429, 97 So. 599 (1923); Jordan v. Smith, 206 La. 765, 20 So.2d 17 (1944).
*130 In the latter case, the court said:
"No doctrine seems to be quite so well settled as that before one can be held to have impliedly ratified the unauthorized acts of his agent it must be shown that the principal actually had knowledge of the material and pertinent facts."
The plaintiff has made out his title by a proper offer in evidence of his deed to the property. Defendant has failed to show any title whatsoever, and the defense of a ratification, as pointed out above, has no application to this case. We find that plaintiff is entitled to be found the owner of an undivided one-fourth interest in the subject property.
That being the case, it becomes necessary to consider the third party demand of defendant against Leonard P. Avery, Samuel Dickens and the alleged partnership of Avery and Dickens. The evidence makes it clear that Leonard Avery was the attorney who represented the Church in both of the acquisitions from the Kearys, and that he erroneously advised them that the Kearys could deliver a valid title to the property.
Dickens filed an answer in which he denied any personal connection with the transactions, and any partnership relationship with Avery. Although it appears that they shared office space and operated under the name of Avery and Dickens, it is equally apparent from the testimony that they only shared office expenses and kept their practices separate in all other respects. The third party demand will therefore be dismissed insofar as it affects Mr. Dickens and the so called partnership.
Leonard P. Avery filed no answer or other pleadings to the third party demand, but did appear as a witness at the trial. A preliminary judgment of default was entered against him on June 25, 1965. The relief prayed for amounts to one fourth of the purchase price, or $2450.00 plus whatever damages might be suffered by defendant as a result of the demand of plaintiff. No such damages were proven at the trial of the case. However, we find that defendant is entitled to judgment for $2450.00 with legal interest from date of judicial demand until paid.
Accordingly, there will be judgment herein in favor of plaintiff and against defendant, declaring plaintiff to be the owner of an undivided one-fourth interest in the following described property, to wit:
"A certain lot or parcel of ground lying and situated in the Parish of East Baton Rouge, in the City of Baton Rouge in that subdivision known as SUBURB GRACIE and being designated on the plan thereof, on file in the Office of the Clerk and recorder as Lot Number Six (#6) Square Twenty-Seven (27), Suburb Gracie."
There will further be judgment in favor of third party plaintiff, Greater New Guide Baptist Church, Inc., and against third party defendant, Leonard P. Avery, in the full sum of $2450.00, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.
There will further be judgment in favor of third party defendant Samuel Dickens and against third party plaintiff Greater New Guide Baptist Church, Inc., dismissing the said demand as to Dickens.
Reversed and rendered.