**BROWN, Administrator, O. P. A., v. W. R. McNEIL, Inc.**

No. 532.

District Court, W. D. Wisconsin.

Nov. 12, 1943.

Bruno V. Bitker, Chief Counsel, and Lee K. Beznor, District Enforcement Atty., both of Milwaukee, Wis., and Floyd E. Wheeler, of Madison, Wis., for plaintiff.

Wilkie, Toebaas, Hart, Kraege & Jackman and Harold M. Wilkie, all of Madison, Wis., for defendant.

STONE, District Judge.

In this action, plaintiff seeks to enjoin the defendant from violating the Emergency Price Control Act of 1942, Pub.L. 421, 77th Congress, 56 Stat. 23, 50 U.S.C.A.Appendix § 901 et seq. The complaint alleges that defendant operates the Park Hotel in the City of Madison, Wisconsin; that since September 1, 1942, it has violated Maximum Rent Regulation No. 46A, adopted pursuant to the provisions of said Emergency Price Control Act, in that it demanded and received rents for rooms in amounts higher than the maximum rents fixed by the said regulation, that it failed to keep posted

486

in some of its rooms cards or signs correctly stating the maximum rent to be charged therefor for all terms of occupancy as determined by said regulation, and that it filed an incorrect registration statement with the plaintiff.

The answer admits the violations of said regulation and the provisions of said Act, but contends that such violations were entirely unintentional and inadvertent; that when it was apprised of said violations it took prompt steps to avoid further violation thereof; that it made refunds of excess rental charges; and that every effort is now being made by defendant to comply with the Act and the regulations made thereunder.

Plaintiff has moved on the pleadings for an order enjoining the defendant from violating the provisions of the Emergency Price Control Act and the regulation made thereunder. For the purpose of this motion, the allegations in the complaint and answer must be deemed to be true. The facts are undisputed, and the Court finds that the defendant has violated the provisions of said Act and Maximum Rent Regulation 46A as alleged in the complaint; that it promptly corrected all errors and mistakes as soon as they were discovered; that it has improved its records to more fully meet the requirements of the Act and regulation and is now fully complying therewith.

Section 4(a) of the Act provides: "It shall be unlawful * * * for any person * * * to do or omit to do any act, in violation of any regulation * * * under section 2." The regulation in question was issued under Section 2. Section 205(a) of the Act provides: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

This statute, in clear and unambiguous language, provides for the issuance of an injunction or an appropriate order if it appears that defendant has engaged in acts or practices violative of the Act. Upon such a showing, a permanent or temporary injunction, restraining order, or other order shall be granted without bond. The law recognizes that innocent nonconformity with the provisions of the Act is as injurious to competitors and to the public as an intentional violation. Inadvertency or good faith on the part of the violator is no defense to the issuance of an injunction or an order. Neither is it a defense that the violations of the Act were small in number, or that the practices complained of have been discontinued.

It is discretionary with the Court as to the type of order to be entered. The defendant has discontinued the practices complained of and is making every effort possible to comply with the regulation and the Act. A restraining order would serve no useful purpose at this time. No injunction will be granted, but defendant will be directed to file forthwith supplemental registration reports or statements and all such reports as it may be required to file under the Act.

Plaintiff may recover costs from the defendant.

Counsel may submit an appropriate order.