## BOWLES v. DIETTER.

### Civ. A. No. 1312.

District Court, D. Connecticut.

Feb. 9, 1945.

On the Merits July 30, 1945.

J. Stephen Knight, District Enforcement Attorney Office of Price Administration of Hartford, Conn., and John J. Sullivan, Jr., Chief Food Enforcement Attorney Office of Price Administration, of Hartford, Conn., for plaintiff.

Franklin Coeller, of New Haven, Conn., for defendant.

SMITH, District Judge.

This is an action by the plaintiff as Price Administrator seeking to enjoin violations of the Maximum Price Regulations and General Order No. 51, and for other relief. It is before the Court at this time on hearing on a motion for preliminary injunction.

The defendant is the owner of a retail grocery and meat market managed by her husband and son. The plaintiff sent two investigators to go over the records of the defendant to ascertain whether there had been violation of the Maximum Price Regulations applying to the various products sold in the defendant's market. Going over the unpaid slips of charge customers made out over a period of several weeks, these investigators found a number of violations amounting in all to some $16 of overcharges that involved over-

charges on meats, groceries, and soap products. The defendant, her husband, and son, testified in the hearing, and while they admit some of the overcharges, they explain them as due to unavoidable errors and seek to explain away a number of other apparent overcharges, particularly in the case of meat sales where the possibility is mentioned of a failure to change the weight of meat ordered by telephone to the exact weight delivered, although the charge is figured on the delivered weight, which is not inserted on the sales slip. Considerable doubt, however, is thrown upon all the plausible explanations by the collapse of the explanation of the apparent overcharges on the junket items. The prompt destruction of all slips as soon as they are paid is another circumstance which casts some doubt on the good faith of the defendant's effort to comply with the Maximum Price Regulations.

Here, then, we have a number of established violations with the good faith of the defendant's effort to comply with the Regulations in some doubt. It may be that a more extended hearing on the merits, with the production of the customers who have apparently been overcharged to substantiate the explanations of some of the apparent overcharges, would alter the picture before the Court when permanent injunction and other relief is sought.

The plaintiff here, however, has established sufficient evidence to entitle him to a preliminary injunction against violation of the ceilings pending a final determination on the merits or until further order of the Court, and it is so ordered.

Form of preliminary injunction in accordance with this opinion may be submitted on notice or by agreement of counsel.

## On the Merits

This action is brought by the plaintiff as Administrator of the Office of Price Administration against the defendant as owner and operator of a retail grocery store and meat market for an order suspending the license of the defendant to make sales under price control, pursuant to the Emergency Price Control Act of 1942. Act of January 30, 1942, Chapter 26, Title II, Section 205, 56 Stat. 33, as amended June 30, 1944, Chapter 325, Title I, Section 108, 58 Stat. 640, 50 U.S.C.A. Appendix, § 925(f) (1) and (2).

It is admitted that, at all times material hereto, the defendant's gross sales have exceeded $100,000 per annum.

By Licensing Order No. 1 (8 Fed.Reg. 13240) effective October 1, 1943, the defendant was licensed to make sales under price control.

The defendant, having thereafter, in the judgment of the plaintiff, violated the provisions of Maximum Price Regulation No. 423 (8 Fed.Reg.) General Order No. 51 as revised and amended (9 Fed.Reg. 408) and Maximum Price Regulation No. 390 (8 Fed.Reg. 6428), the plaintiff on April 12, 1944 served on the defendant, by registered mail, a license warning notice.

The plaintiff claims that, subsequent to the receipt of the warning notice, the defendant again violated the provisions of her license (1) by selling and offering to sell fruits, vegetables, and groceries, at prices in excess of the maximum prices established by Maximum Price Regulation No. 423 and General Order No. 51 as amended, in some fifty instances; (2) by failing to post the selling price on items in violation of General Order No. 51 as amended, in three instances; (3) by selling and offering to sell pork cuts at prices in excess of the maximum prices established by Maximum Price Regulation No. 336, in five instances; (4) by selling and offering to sell beef and veal cuts at prices in excess of the maximum prices established by Maximum Price Regulation No. 355, in some thirty-four instances; and (5) by selling and offering to sell household soaps and cleansers at prices in excess of the maximum prices established by Maximum Price Regulation No. 390, in three instances.

The violations claimed with reference to the grocery items are established in a number of instances. However, the total number and aggregate amount of the grocery overcharges are not large, and, in view of the very large number of items sold during the period covered by the evidence, might well be susceptible of explanation as inadvertent errors in pricing or charging by the clerks; likewise with the household soaps and cleansers and with the failure to post ceiling prices properly under General Order No. 51 as amended. Very few of the many items of these categories were not correctly and plainly posted. Customers would be likely to notice and protest overcharges, at least in the absence of a particularly acute shortage in any item.

The violations as to meats, however, which are amply established in a number of instances, are so large in amount and percentage of the total charged for the items as not to be susceptible of any such innocent explanation. It is particularly significant in view of the method of making out the slips which prevents an accurate check on overcharges by later inspection of the slips or books in a great proportion of the cases that, in a sidewalk survey, when five customers leaving the store were picked at random and checked as to charges for meat items purchased at that time, at least one substantial overcharge for a meat item was found in the case of each of the five customers checked, in spite of the obvious unwillingness of the customers to assist in the investigation. The explanations of the meat overcharges by the defendant's witnesses are not worthy of credence.

■ The defendant, in addition to the explanations by her witnesses designed to disprove the overcharges, contends that no suspension of her license can be had on proof of overcharges by others in her employ, and particularly where the complaint does not allege that the violations were by others acting as her agents. Neither of these defenses appears to be well taken. It would obviously be impossible to carry out the intent of any licensing system if those who, as in this case, act as employees of a licensee in the course of, and in the scope of, their employment, may violate the ceilings with impunity so long as knowledge of the particular transaction is not brought home to the licensee. The defendant was not surprised or prejudiced in any way in her proof by the form of the allegation.

■ Good faith is not a defense to an action for damages under this Act for overcharges (Brown, Admr. v. Cummins Distilleries Corp., D.C.W.D.Ky., 1944, 53 F. Supp. 659) although it may be sufficient indication of a lack of likelihood of future overcharges to justify the denial of an injunction. Brown, Admr. v. W. R. McNeil, Inc., D.C.W.D.Wis., 1943, 52 F.Supp. 485. Hecht Co. v. Bowles, Admr., 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. I take it that a finding of good faith might justify the Court in refusing to suspend a license, as in denying an injunction. Here, however, the claim of good faith is not borne out by the evidence, which shows a course of flagrant violations by the defendant's employees in the conduct of the meat business, subsequent to the receipt by the defendant of the warning notice from the Office of Price Administration.

Judgment may be entered in favor of the plaintiff, suspending for a period of ninety days the license of the defendant to deal in meats and meat products.

Form of judgment in accordance with this opinion may be submitted.