**BOWLES, Price Adm'r, OPA, v. L. D. McCLEAN CO.**

No. 24190–G.

District Court, N. D. California, S. D.

June 13, 1945.

George A. Faraday, W. H. Brunner, and Richard Coblentz, OPA, all of San Francisco, Cal., for plaintiff.

George M. Naus and Robert J. McGahie, both of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Plaintiff, Price Administrator, seeks by his amended complaint herein an order suspending defendant's license to sell groceries and other food commodities at its San Francisco retail establishment. Section 205(f) (2), Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix §§ 901–946. It is charged that plaintiff sent the statutory warning notice to defendant (section 205(f) (2) of the Act) because, in plaintiff's judgment, defendant had violated its license and certain of the Administrator's price regulations. Plaintiff further alleges that subsequent to the receipt of the notice, defendant violated Maximum Price Regulations 336 (8 F.R.2859), 422 (8 F.R.9395) and 445 (8 F.R.11161). Plaintiff prays for a license suspension order and "for such other and further relief as to the court may seem just and proper."

Defendant denies both the violations alleged in the warning notice and any subsequent thereto; and, as a special defense, urges that if it did infract, the infractions were a result of innocent mistake and inadvertence and "not as the result of deliberation or intention to violate."

The evidence adduced at the trial satisfies me that defendant violated the regulations in a number of the instances particularly charged in the amended complaint. Furthermore, it developed during the trial that on several occasions prior to the sending of the warning notice referred to in the complaint defendant had been advised by the regional office of the Price Administrator and by the local rationing board of infractions of price ceilings and the record-keeping requirements. After each of such instances, defendant promised and agreed to correct its shortcomings. Finally, on November 15, 1943, plaintiff sought and obtained in this court a permanent injunction pursuant to section 205(a) of the Act, restraining defendant from violating the Price Regulations. Nevertheless infractions continued, resulting in the warning notice referred to and this action. The bulk of the infractions charged occurred in the grocery department of defendant's establishment.

Defendant contends that it has endeavored to comply with the regulations but that it has been difficult so to do because it does a large business ($950,000 in 1944) and because it has over sixty employes and sells in excess of five thousand items. That compliance entails the assumption of an additional business burden, however, is obviously not a valid reason for noncompliance. The record clearly shows that defendant can substantially comply with the regulations without undue hardship. Furthermore, "The standards of the public interest" (Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754) which determine the objectives of this anti-inflation statute predominate over private inconvenience.

The important question here to be determined is: What kind of order, under the statute, do the facts warrant?

Section 205(f) (2) of the Act, after providing for the giving of a warning notice and for suit by the administrator for license suspension[1] prescribes as follows: "If any such court finds that such person has violated any of the provisions of

---

[1] "Whenever in the judgment of the Administrator a person has violated any of the provisions of a license issued under this subsection, or has violated any of the provisions of any regulation, order, or requirement under section 2 or section 202(b), or any of the provisions of any price schedule effective in accordance with the provisions of section 206, which is applicable to such person, a warning notice shall be sent by registered mail to such person. If the Administrator has reason to believe that such person has again violated any of the provisions of such license, regulation, order, price schedule, or requirement after receipt of such warning notice, the Administrator may petition any State or Terri-

such license, regulation, order, price schedule, or requirement after the receipt of the warning notice, such court shall issue an order suspending the license to the extent that it authorizes such person to sell the commodity or commodities in connection with which the violation occurred, or to the extent that it authorizes such person to sell any commodity or commodities with respect to which a regulation or order issued under section 2, or a price schedule effective in accordance with the provisions of section 206, is applicable; but no suspension shall be for a period of more than twelve months."

The Administrator contends that upon a finding of violation by defendant, the court's power is limited to ordering the defendant's license suspended for a fixed period of time. It is further urged that the suspension should be for a substantial period within the maximum prescribed statutory limitation. The Administrator suggests that he disapproves any suspension less than thirty days and that a suspension order here, if made, should be for a substantially longer period.

I am of the opinion that the court's power, under the statute, is not so narrowly circumscribed. The relief sought by the Administrator is authorized under the enforcement provisions of the Act. The Supreme Court has treated enforcement proceedings in accordance with traditional equity practices. Hecht Co. v. Bowles, 321 U.S. 321, 330, 64 S.Ct. 587, 88 L.Ed. 754. Although the Hecht case was concerned with the injunctive process, nevertheless the court was there considering the whole problem of enforcement in the light of the objectives of the Act. It admonished the lower courts to ungrudgingly share the responsibility of enforcement. In the Report of the Senate Committee reporting the Act, the action of the Administrator in seeking a court order for license suspension is referred to as "an equity proceeding." Senate Report No. 931, 77th Cong. 2nd Sess. p. 27. Mr. Justice Douglas said in Hecht Co. v. Bowles, supra, 321

U.S. 321 at page 329, 64 S.Ct. 587, at page 592, 88 L.Ed. 754: "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it."

■ If this court is to share the responsibility of enforcement, it should have in mind the "large objectives of the Act." It should be concerned less with chastising defendant according to a fixed administrative pattern and more concerned with preventing inflation.

The infractions committed in the instant cause are not studied or deliberate. They arise in most part from an indifference caused by what defendant chooses to call its own difficulties—difficulties no doubt resulting from the hectic flow of business in a store engaged in vital food distribution. Yet they can be remedied by the installation of a proper supervisory system. It is important, therefore, in the enforcement of this statute that the power vested in the court be elastically exercised so that the remedy adjudged may not only give warning both to defendant and others similarly situated, but also afford an opportunity to defendant to correct its procedure and in turn contribute its proper share to the anti-inflation program.

■ In my opinion, therefore, the facts of this case require an order suspending the license of the defendant to conduct the grocery department of its business for a period of three months. After the aforesaid suspension has been in effect for ten days, further compliance therewith will be suspended and stayed for thirty days.[2] At the end of the forty-day period, upon a showing that defendant is following a practice of satisfactory compliance with the applicable regulations, the suspension order will be vacated; otherwise it will remain in effect. The court will retain jurisdiction for the foregoing purpose.

Findings and judgment, in accordance with the views herein expressed, may be presented pursuant to the Rules.

---

torial court of competent jurisdiction, or a district court subject to the limitations hereinafter provided, for an order suspending the license of such person for any period of not more than twelve months."

[2] "Upon good cause shown, any such order of suspension may be stayed by the appropriate court or any judge thereof in accordance with the applicable practice." Section 205(f) (2).