## GORDON v. PORTER.
### No. 11178.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1946.

Daniel G. Marshall, of Los Angeles, Cal., for appellant.

George Moncharsh, Deputy Adm. for Enforcement, OPA, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Albert J. Rosenthal, Atty. OPA, all of Washington, D. C., and Herbert H. Bent, Reg. Lit. Atty., OPA, of San Francisco, Cal., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

PER CURIAM.

Gordon, owning and conducting a retail food store in Los Angeles, California, appeals from a judgment suspending his license and enjoining his sales for a period

of two weeks for violation of the provisions of the Administrator's Price Regulation 422, 8 F. R. 9325, for the licensing of such food stores. The order of suspension was stayed during the appeal.

The evidence warrants the finding of the district court that Gordon failed to post or mark the sales price on many commodities sold at retail under a license granted him in the manner required of him by the Price Administrator's Revised General Order 51, Los Angeles Order No. 5. Other violations of the regulations were found, but it is unnecessary to consider them since the Emergency Price Control Act, Section 205(f) (2), 50 U.S.C.A.Appendix, § 925(f) (2), requires that the court "shall" issue the suspending order if the "court finds that such person [here Gordon] has violated *any* of the provisions of such license, regulation, order, price schedule, or requirement after the receipt of the warning notice" provided in that portion of the Act.

■ Gordon contends that the condition precedent to such a violation warranting the suspension is service of the warning notice Section 205(f) (2) which requires that "Whenever in the judgment of the Administrator a person has violated any of the provisions of a license issued under this subsection, or has violated any of the provisions of any regulation, order, or requirement under section 2 or section 202(b), or any of the provisions of any price schedule effective in accordance with the provisions of section 206, which is applicable to such person, a warning notice shall be sent by registered mail to such person. If the Administrator has reason to believe that such person has again violated any of the provisions of such license, regulation, order, price schedule, or requirement after receipt of such warning notice, the Administrator may petition any State or Territorial court of competent jurisdiction or a district court subject to the limitations hereinafter provided, for an order suspending the license of such person for any period of not more than twelve months. * * *"

This condition precedent was satisfied by the sending to Gordon of a "License Warning Notice", in relevant part as follows:

"Notice is hereby given that in the judgment of the undersigned, District Director of the above District Office of the Office of Price Administration, you have violated, in the manner shown below, the provisions of the license granted you by Licensing Order No. 1, issued pursuant to Section 205(f) (1) of the Emergency Price Control Act of 1942, as amended.

\* \* \* \* \* \*

"5. On or about January 28, 1944, you failed to post an official list of your ceiling prices, as established by Order No. L.A.-5, as amended, in a conspicuous place in your store, located at the above address, in any manner whatsoever or at all. Thereby you violated the provisions of Section 3(b) of Order No. L.A.-5, as amended."

■ Gordon further contends that it is also a condition precedent to recovery that the Administrator not only make his judgment as to the violation described in his notice but that at the trial he must prove the violation of the notice as well as the subsequent similiar violation here found. Gordon cites no authority for such a requirement of proof of two violations of the statute to secure a judgment based on the second. He argues that "From all that appears in the record, the Administrator, without having appellant's premises inspected, issued the warning notice." There is no merit in this contention. The Administrator is a public officer and presumed to have done his duty in arriving at his "judgment" that a person has violated any of the provisions of his license or of any regulation. The Congressional intent is plain that no more than this judgment is required as to the first offense. The Administrator's judgment is clearly stated as to the first failure to post prices, a failure identical in character with the later offense proved at the trial.

The judgment is affirmed.