### PORTER, Price Administrator, v. HALDAS.

Civil Action No. 868.

District Court, D. Delaware.

Oct. 17, 1946.

---

422

John P. LeFevre, Dist. Enforcement Atty., O.P.A., of Dover, Del., Sydney Hoffman, Food Enforcement Atty., O.P.A., of Wilmington, Del., and Stanley B. Frosh, O.P.A., of Washington, D. C., for plaintiff.

Robert C. Barab, of Wilmington, Del., for defendant.

RODNEY, District Judge.

The precise question involved in this motion is a narrow one. It is conceded that a statutory warning notice was sent to the defendant advising him that, in the judgment of the Administrator, the defendant had violated provisions of the license. Attention was specifically directed to the failure to mark grades on sales invoices. The plaintiff in the present case charges that, subsequent to the receipt of the warning notice, the defendant again violated a provision of the license in that the defendant made sales at over-ceiling prices.

The defendant contends that in a proceeding seeking the suspension of a license for a second violation, that such second violation must appear to be of the same nature as the violation which had been the cause of the issuance of the warning notice.

The appropriate statute, Sec. 205 (f) (2), requires as a prerequisite to proceedings for the suspension of a license that a warning notice of prior violations shall have been sent by the Administrator and by registered mail to a defendant. No form of such notice is prescribed by the statute, nor is any required content of the notice indicated. The basic requirement of a proceeding for a suspension of a license is that, in the judgment of the Administrator, the person has violated some provision of the license or of some applicable regulation or order, and that a warning notice has been given to such person. It is the fact of the notice of a prior violation rather than the content of such notice that forms the basis of subsequent suspension proceedings.

To hold that the subsequent violation must be of exactly the same nature as a violation prompting the warning notice would be either a judicial requirement of the form of such warning notice or require evidence of similarity of offense. In any case it would mean that a defendant after a warning notice could, with impunity so far as suspension proceedings are concerned, violate any other of the many requirements of the license or appropriate orders or regulations. The only requirement would be that he should not a second time violate that provision for which the warning notice had been given; for all other violations he could not be thus penalized except after two violations of the same nature. Such, I think, is neither the purpose or effect of the Act. An epitomized reading of the statute makes this more clear. "Whenever in the judgment of the Administrator a person has violated any of the provisions of a license * * *" a warning notice issues. "* * * If the Administrator has reason to believe that such person has again violated any of the provisions of such license * * *" then proceedings for suspension may be taken.

There is no language of the statute requiring the second violation to be of the same nature. It is the violation of "any" of the provisions of the license after the warning notice that justifies the suspension of license. The statute is not, by its terms, limited to a second violation of the same provision.

There is no precise authority on the question involved. A somewhat analogous

matter arose in Gordon v. Porter, 9 Cir., 155 F.2d 949, although in that case the two offenses were of similar character. In the cited case it was contended that the Administrator must prove both the violation of the license that prompted the warning notice, and also the subsequent violation upon which the suspension proceedings were based. With this contention the court did not agree. It held that the Administrator, as a public officer, will be presumed to have done his duty in arriving at his "judgment" that the defendant had violated some provision of the license or regulation and that no more than this judgment was required as to the first offense; that all that was necessary to be proven was the warning notice and the subsequent violation.

The defendant argues that the severity of the result of suspension of a license (suspension not exceeding twelve months) compels the construction that the two offenses shall have been of the same nature. I know of no rule of construction that compels that conclusion at the present stage of proceedings. No evidence has yet been heard or merits determined. It has been held that while good faith may not be a defense to an action for damages, it may be sufficient to justify the denial of an injunction or the refusal to suspend a license (Bowles v. Dietter, D.C.Conn., 61 F.Supp. 880), or in determining the extent of suspension. Bowles v. L. D. McClean Co., D.C.N.D.Cal., 61 F.Supp. 454.

An order will be signed refusing the defendant's motion to dismiss the complaint.