No. 14,245.

MICHAEL McSWEENEY VS. J. BLANK & CO., ET ALS.

### SYLLABUS.

1. An appeal bond, executed for the amount fixed by the court, is good for a devolutive appeal, even if insufficient for a suspensive appeal.
2. Objections to an appeal bond urged in a motion to dismiss the appeal should be specific; those relating to the competency and solvency of the sureties should be made and disposed of in the lower court.
3. Where an appeal is taken by and in the name of a commercial firm, there is no necessity for the names of the individual partners to be given in the bond. Who they are, appears in the record.
4. If an appeal bond be couched in language such as will enable the appellee to enforce it in manner and form, and to the extent the law directs, the appellee has no occasion to complain. Judicial bonds are tested by the law directing them to be taken. That which is superadded must be rejected, and that which is omitted supplied.

APPEAL from the Civil District Court, Parish of Orleans.—*Ellis, J.*

*E. C. Kelly,* for Plaintiff, Appellee.

*George W. Flynn,* for Defendants, Appellants.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

NICHOLLS, C. J. Plaintiff and appellee moves to dismiss the appeal taken in this case, on the following grounds:

1st—That the appeal bond herein filed is not good and sufficient and such as the law requires.

2nd—That the sureties on said bond are not good and solvent and such as the law requires, nor is it therein stated how, in what manner or for what amount they respectively bind themselves.

3rd—That the condition upon which the said appeal was granted has not been complied with by said defendants, in this, that a bond for such appeal, such as required by law, has not been furnished by said defendants, or any of them; that no bond at all has been given by the defendants John Blank, Frank A. Wilke and Frederick J. Swoop, indi-

vidually, nor are they individually named as principals in the bond that has been filed.

4th—That John Blank, one of the sureties on said appeal bond, is himself a defendant condemned in the judgment, and is therefore disqualified and incompetent as surety on said bond.

That the transcript herein filed is not a full and complete record of the case and does not contain all the evidence therein offered and filed.

Plaintiff sued and obtained judgment against the defendant company and the individual members thereof, for the sum of two thousand and eighty-nine dollars, with legal interest, less one hundred and sixteen dollars allowed them on their reconventional demand.

The defendants obtained an order for a suspensive appeal upon their furnishing bond in the sum of three thousand dollars.

An appeal bond was executed for three thousand dollars, signed by John Blank & Co., John Blank, Joseph Chaussey and James J. Boulet.

The bond reads: "That, whereas we, J. Blank & Co., defendants in suit, as principals, and Joseph Chaussey and James J. Boulet and John Blank, as surety, are held bound to Thomas Connell, clerk of the Civil District Court for the Parish of Orleans * * * in the sum of three thousand dollars, for the payment whereof we bind ourselves, our heirs, executors and administrators firmly by these presents. Dated, etc. * * * Whereas, the above bounded J. Blank & Co. have this day filed a motion of appeal from a final judgment rendered against them in the suit of Michael McSweeney vs. J. Blank & Co., No. 50,662 of the Civil District Court for the Parish of Orleans, on the 17th day of October, 1901.

Now the condition of the above obligation is such that the above bound J. Blank & Co. shall prosecute their suspensive appeal and shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of their estate or personal property if they be cast in the appeal; otherwise that the said John Blank, of this city, and Joseph Chaussey and James T. Boulet, sureties, shall be liable in their place."

Appellee alleges in several portions of the motion that the bond executed and filed is not good and sufficient and such as the law requires. "That a bond for such appeal, such as required by law, has not been furnished by said defendants or any of them." It was his duty to inform the court in what respects the bond was deemed by him defective.

He can scarcely expect us to analyze it and to detect and to possibly originate objections for him.

The specific objections he urges we shall consider. He says that the sureties are not good and sufficient; but we have no evidence before us on which we would be justified in saying the sureties were not competent. That was a question which should have been raised and disposed of in the District Court. The law fixes how and in what manner judicial sureties are bound; there is nothing on the face of the bond by which the parties have sought to vary its terms and requirements in this particular instance. The sureties are each bound for three thousand dollars; no one of them has attempted to limit his liability to an amount less than that.

Appellees claim that the appeal should be dismissed because John Blank, Frank A. Wilke and Frederick J. Swoop, the individual members of the firm of J. Blank & Co., have given no bond, and because they are not named individually in the bond.

The individual members of the firm were at liberty not to appeal nor to perfect an appeal in their individual names, if they thought proper. The plaintiff has no right to force them to appeal. The commercial firm had the right to appeal, whatever course might be the course which its members individually should think proper to pursue in respect to the litigation. Appellee certainly lost nothing by their not appealing. There was no necessity for their names to have been specially and separately mentioned in the bond. The firm appealed and signed the appeal bond. The record disclosed who the parties were. We judge from the appellant's brief that the appellees object that the bond is too small for a suspensive appeal. It was for the amount fixed by the judge and sustains at least a devolutive appeal. It is not necessary to consider whether John Blank was a competent surety or not, as there were two other sureties; besides, that question should have been raised and disposed of in the District Court, and not urged here for the first time.

We will not dismiss an appeal *in limine* upon the ground that the transcript is defective; we postpone action upon that matter until after we shall have ascertained to what extent, if any, the incompleteness of the transcript will affect the legal situation.

The appeal is maintained.

Note.—Appeal subsequently discontinued by consent.