### JUNG et al. v. BOWLES, Administrator, OPA.
### No. 11035.

Circuit Court of Appeals, Ninth Circuit.

Jan. 7, 1946.

Edward M. Raskin, of Los Angeles, Cal., for appellants.

George Moncharsh, Deputy Admr. for Enforcement, OPA, of Washington, D. C., Herbert H. Bent, Regional Litigation Atty., and Jacob Chaitkin, Chief Briefing and Appellate Unit, both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants (Jim Jung and Marty Sherman) and Marvin Berry were at all pertinent times partners doing business as Victory Produce Company in Los Angeles, California. Appellee (Chester Bowles, Administrator of the Office of Price Administration) brought an action against appellants and Berry for $29,323.50. Appellants were served with process. Berry was not. Appellants answered,[1] jury trial was waived, trial was had by the court without a jury, findings of fact and conclusions of law were stated, and judgment was entered against appellants for $5,977.18. From that judgment this appeal is prosecuted.

■ The action was brought under § 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 34,[2] and was based on alleged violations of Maximum Price Regulation No. 271, F.R. 9179, hereafter called the regulation. The regulation applied to "country shippers" and "intermediate sellers" of certain perishable food commodities, including white potatoes. Section 1351.1003 of the regulation defined the term "intermediate seller" and prescribed maximum prices at which such sellers might sell and deliver the commodities mentioned.

The complaint alleged: "At all times mentioned herein defendants [appellants and Berry] * * * were intermediate sellers of early white potatoes, selling to other intermediate sellers and retailers within the meaning of the provisions of section 1351.1003 of [the regulation]. From and including April 12, 1943, * * * to and including May 27, 1943, the defendants, and each of them, as intermediate sellers, sold and delivered early white potatoes, 1943 crop, in 100-pound sacks to wholesalers and retailers. None of said purchases was made for use or consumption other than in the course of trade or business. The defendants, and each of them, demanded and received a price or consideration for the sale of each 100-pound sack of said early white potatoes, 1943 crop, in excess of the maximum price established for sales of said potatoes by intermediate sellers, under the provisions of [the regulation]." The answer denied these allegations, but the court found that they were true.

The complaint further alleged, in substance and effect, that the amount of the overcharges—the amount by which the consideration demanded and received by appellants and Berry exceeded the applicable maximum price—was $9,774.50 (one-third of $29,323.50). The answer denied this allegation. The court found that the amount of the overcharges was $8,965.78 and concluded that appellee was entitled to recover of appellants $5,977.18 (two-thirds of $8,965.78). Hence the judgment here appealed from.

■ Appellants do not directly challenge any of the findings mentioned above, nor is there any basis for such a challenge. The findings are amply supported by evidence and will not be disturbed.

■ Appellants say that the evidence is uncontradicted that neither they nor Berry "personally" made any sales of potatoes in April or May, 1943. Actually, the evidence is uncontradicted that appellants and Berry did make such sales. Whether they did so "personally" or by agent is immaterial.

■ The sales were made while appellants and Berry were partners doing business as Victory Produce Company in Los Angeles, California. Appellants contend that liability for overcharges, if such occurred, rested on the partnership (Victory Produce Company) and not on its members (appellants and Berry). The contention is based on the false assumption that, in California, a partnership is an entity distinct from its members. The assumption being false,[3] the contention is rejected.

■ Appellants specify as error the admission of and refusal to strike out certain evidence. The specification does not, as required by our Rule 20(2) (d), "quote the grounds urged at the trial for the objection and the full substance of the evidence admitted." Hence the specification need not be considered. However, we have considered it and find no merit in it.

Judgment affirmed.

---

[1] Appellants' counsel, Louis Lerner, filed what purported to be the answer of all the defendants. Before trial, however, Lerner "withdrew" his appearance for Berry, and Berry was not thereafter considered a party to the action.

[2] While this action was pending, § 205 (e) was amended by § 108(b) of the Stabilization Extension Act of 1944, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925 (e). The amendment was applicable to this action. See § 108(c) of the Stabilization Extension Act of 1944, 58 Stat. 641, 50 U.S.C.A.Appendix, § 925 note.

[3] Reed v. Industrial Accident Commission, 10 Cal.2d 191, 73 P.2d 1212, 114 A.L.R. 720.