## HAINES v. PORTER.

### No. 9241.

United States Court of Appeals
District of Columbia.

Argued Oct. 15, 1946.
Decided Nov. 25, 1946.

Mr. John L. Ingoldsby, Jr., of Washington, D. C., for appellant.

Mr. Albert M. Dreyer, Chief, Appellate Branch, O.P.A., of Washington, D. C., with whom Mr. David London, Director, Litigation Division, O.P.A., of Washington, D. C., was on the brief, for appellee.

Mr. J. Grahame Walker, District Enforcement Atty., O.P.A., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

This appeal is from a decree for an injunction and treble damages founded upon the sale of appellant's automobile above a ceiling price fixed pursuant to the Emergency Price Control Act. 56 Stat. 33, § 205(a) and (e), as amended, 58 Stat. 640, 50 U.S.C.A.War Appendix, § 925(a) and (e). Appellant is a dealer in automobiles. It is not disputed that he owned the automobile and that it was willfully sold by his regular salesman at a price above the ceiling. Appellant denies that he personally participated in the violation of the Act and attacks the evidence which tended to show that he did so. But we need not consider whether that evidence was competent and sufficient, for personal participation by the owner of a business is not necessary to his civil responsibility for vio-

lations of the Act by his agents. Bowles v. Lee's Ice Cream, Inc., 80 U.S.App.D.C. 1, 148 F.2d 113; Jung v. Bowles, 9 Cir., 152 F.2d 726; Di Melia v. Bowles, 1 Cir., 148 F.2d 725, certiorari denied 325 U.S. 886, 65 S.Ct. 1581, 89 L.Ed. 2000; Talbert v. Sims, 4 Cir., 143 F.2d 958; Carter v. Bowles, D.C.S.C., 56 F.Supp. 278; Bowles v. Dietter, D.C.Conn., 61 F.Supp. 880.

Affirmed.