LOUIS H. YARRUT, Judge ad hoc.
Defendants appeal from a judgment awarding treble damages, plus attorney’s fee, for selling plaintiff an automobile at a price in excess' of the maximum price *58 fixed by the federal Office of Price Administration.
The suit is brought under the .Emergency Price Control Act of 1942, 56 Stat. 33, Title 50 U.S.C.A.Appendix, § 925(e). Subsection (e) leaves both the question of allowance of multiple damages recoverable for sales exceeding the maximum prices, not to exceed treble the amount of the overcharge, plus reasonable attorney’s fees, to the discretion of the court, but forbids multiple damages where violations are found to be neither wilful nor the result of failure to take practicable precautions to avoid the overcharge.
The sale of the automobile to plaintiff at a purchase price in excess of the legal maximum is admitted, and there is no defense, in mitigation, that the violation was not wilful.
The sole defense is that the sale was not made by defendants or anyone for their account, but was made by one Irving Rubins, allegedly acting for himself, but using defendants’ sales lot at the time in the conduct of his own used-car business.
Russo, one of the partners of defendant partnership, admitted there was no sign on their sales lot to indicate that Rubins was acting independently for his own account, the only sign or notice to the public being a large metal sign reading, “Bon-neval Motors;” that the customers were never advised they were dealing with Ru-bins, and that in making sales Rubins used Bonneval Motors billheads and stationery; and that Rubins was not even qualified to do business.
To clinch Russo’s admissions, there was offered in evidence the authentic notarial act of sale and chattel mortgage, dated August 12, 1946, before Oswald W. Viosca, Notary Public, wherein Paul Kiefer - appeared as the duly authorized agent' of the vendor, • Bonneval Motors, and Zephyrain Vicknair, of Edgard, Louisiana, appeared as purchaser.
Paul Kiefer, who appeared in the authentic notarial chattel sale and mortgage, 'did not appear to testify, though it is admitted he was available to defendants. The presumption created by Kiefer’s failure to be called to testify is too obvious.
Even without the notarial declarations, the defendants would be answerable for Rubi-ns’ actions, since they held him out to the public as their agent and representative, if not expressly, then by conduct.
Where a person, by acts or conduct, has knowingly caused or permitted another to appear as his agent to the injury of third persons who have dealt with the apparent agent in good faith and in the exercise of reasonable prudence, he will be estopped to deny the agency. 2 C.J.S., Agency, p. 1063, § 29; Airey & Co. v. Okolona Savings Institution, 33 La.Ann. 1346; 2 Am.Jur., p. 25, Section 23; Cason v. Cecil, 194 La. 41, 193 So. 362.
Personal participation by the owner of a retail automobile business is not necessary to his civil responsibility for violations of subsections (a) and (e) of Section 925 of the Emergency Price Control Act by his salesman in selling an automobile in excess of the ceiling prices. Haines v. Porter, 81 U.S.App.D.C. 318, 158 F.2d 188; Jung v. Bowles, 9 Cir., 152 F.2d 726.
The lower court rendered judgment for $786.00, being three times the overcharge of $262.00, plus $150.00 attorney’s fees.
We think this judgment is manifestly correct, and it is affirmed.
Affirmed.
JANVIER, J., takes no part.