SAMUEL, Judge.
• ■ This is an action on an appeal bond. Plaintiff had obtained judgment against the three original defendants, in solido, in the sum of $2,079.11, with legal interest and costs. Two of those defendants, Eugene Schoenfeld and Byron J. Babbin, devolutively appealed to this court which affirmed the trial court judgment (144 So.2d 595). In due course, after unsuccessfully attempting to satisfy the judgment by seizure of assets belonging to the original defendants, plaintiff filed a rule against the present defendants, United Benefit Fire Insurance Company (hereinafter referred to as “United”) and Sylvia Dobard, to show cause why judgment should not be rendered against them as sureties on the appeal bond furnished with the appeal by Schoenfeld and Babbin. There was judgment in the trial court making the rule absolute against Sylvia Dobard but only to the extent of condemning her to pay plaintiff’s costs. In all other respects the judgment dismissed the rule as to both defendants. Plaintiff has appealed therefrom.
■' The facts are not in dispute. After judgment had been rendered the two original defendants moved for and were granted a devolutive appeal. The appeal was taken after the lapse of the fifteen day delay for the taking of a suspensive appeal under LSA-C.C.P. Art. 2123 and within the ninety day delay for the taking of a devolutive appeal as provided by LSA-C.C.P. Art. 2087. Plaintiff’s attorney and the attorney for the appellants entered into an oral understanding whereby the former agreed not to issue a seizure or garnishment against the appellants during the pendency of the appeal and, in return, the latter agreed to post a bond in an amount sufficient to satisfy the requirements of a suspensive appeal. Under this agreement both attorneys apparently requested the trial court to set the devolutive appeal bond in the amount of $3,118.66, far in excess of what ordinarily would be set in the case, and he complied with that request.
One of the appellants then contacted a Mr. Peter Hand in an effort to make arrangements for the signing of the appeal bond and the latter brought him to the present defendant, Sylvia Dobard, who was employed as a professional bondsman for Statewide Bail Bonding in their office on South Broad Street in the City of New Orleans near the Criminal Courts Building.
United handled its business in Louisiana by appointing a state agent, Nick J. Christiana, who appointed subagents throughout the state, and they, in their turn, appointed agents. The subagent so appointed for the Parish of Orleans was Harold R. Ravain, the owner of Statewide Bail Bonding. Ravain appointed Sylvia Dobard. At the time the bond was signed by Miss Dobard United had on file with the Clerk of the Civil District Court a qualifying power of attorney in fact appointing Miss Do-bard its agent with limited authority to sign bonds in the nature of bail and other appearance bonds. The power of attorney specifically required that she attach an individual power of attorney to each bond executed and, through its state agent, United furnished her with such individual powers of attorney. Miss Dobard testified she had no authority from United to sign the appeal bond here involved and that she signed and executed the bond, and refrained from attaching an individual power of attorney thereto, only because her employer, Mr. Ravain, ordered her to do so.
Miss Dobard signed the bond in her individual ’capacity and as attorney in fact for United, the other defendant in rule. The premium charged was $75.00 and that amount was paid by the appellants in installments. However, United never received the premium or any part thereof. According to the record, all payments were ultimately received and kept by Mr. Ravain *745 and United was not informed of the execution of the appeal bond. Neither United’s state agent nor United itself, as distinguished from Miss Dobard and Mr. Ravain, had any knowledge of the bond until after the appeal for which the bond had been posted was decided by this court and’had become final.
The bond was prepared by the attorney for the two appellants on a printed form furnished by the Clerk of the Civil District Court for the Parish of Orleans and that attorney signed the bond as a witness.
Plaintiff does not contend that Sylvia Dobard had United’s actual authority to sign the appeal bond. It does contend she had ostensible or apparent authority to do so and therefore both she and United are liable to the full amount of the bond for the payment and satisfaction of both the costs and the judgment rendered against the two appellants, Schoenfeld and Babbin. United contends that, as distinguished from insurance, an agent must have an express and special power of attorney before his principal can be bound as a surety, a contention we need not discuss because of our conclusion as to apparent authority.
Statements or representations made only by an agent as to his authority are not sufficient in themselves to bind the principal and any person dealing with an agent must use reasonable diligence and prudence to determine whether the agent acts within the scope of his authority. Goldman v. Greater Louisiana Corp., La.App., 126 So.2d 771; O. E. Haring, Inc. v. Boylan’s Private Police, La.App., 56 So.2d 588; 13 Am.Jur., Corp. § 891. In the instant case no secret or private limitations were placed by the principal on the agent’s authority and the record contains no evidence of any statements or representations made by Miss Dobard. The fact that the original appellants who sought to obtain a surety on their appeal bond were actively represented by their attorney in obtaining the bond is, we think, an important consideration. Because of the location of the office in which she worked and other factors, the attorney must have known that Miss Dobard’s authority was at least principally, and quite possibly solely, concerned with bail bonds. Despite that fact, the record does not reveal that he made any inquiry at all as to her authority to sign the appeal bond as agent for United. He, and consequently his client, thus failed to use the required reasonable diligence and prudence in determining whether the agent acted within the scope of her authority. To hold otherwise could have the effect of permitting an agent in Miss Dobard’s position to bind her principal to any kind of bond, including, for example, a performance bond. We are further impressed by the fact that the agent signed the bond individually, as apparently required by appellant’s attorney who drew up the bond, which is certainly an unusual practice in the writing of appeal bonds.
Under all the facts and circumstances involved we are of the opinion that United did not -clothe Miss Dobard with such apparent authority to execute an appeal bond on its behalf as to mislead the original appellants into believing, to the extent that no further inquiry was called for, that she did have such authority. Since United had no knowledge of the bond, there can be no question of ratification on its part; and the amount of premium charged has no significance in the problem of apparent authority. There is no liability on the part of United.
The liability of Sylvia Dobard as surety on the appeal bond is so clear as to require no discussion. The only question remaining is the extent of that liability, a question to be decided without considering the agreement between counsel for the original litigants in view of that fact that Miss Dobard was not a party to that agreement.
*746 The condition of the appeal bond was:
"That the above bound EUGENE SCHOENFELD & BYRON J. BAB-BIN shall prosecute their motion of appeal, and shall' satisfy whatever judgment may be rendered against them or that the same shall be satisfied by the proceeds of their estate, real or personal, if they be cast in the appeal; otherwise that the said surety, Sylvia Dobard, Attorney in fact for United Benefit Fire Insurance Company and in her individual capacity, shall be liable in their place.”
An appeal bond must be construed with reference to the statutory law applicable thereto. As the Supreme Court of Louisiana said in McSweeny v. Blank, 107 La. 292, 31 So. 636: “Judicial bonds are tested by the law directing them to be taken. That which is superadded must be rejected; and that which is omitted, supplied.” Here the pertinent statutory law is LSA-C.C.P. Art. 2124 which provides that the surety to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs. Thus the extent to which security is required in a devolutive appeal is only such a sum as the court may deem sufficient for the payment of costs. Costs are the measure 'of the indemnity to be provided by the appellant for the appellee. Consequently costs are also the measure of the surety’s liability. This is true even though the condition of the appeal bond is as we have quoted above. The appellee must, of course, satisfy both the judgment and the 'Costs. But the surety on a devolutive appeal bond is liable only to the extent of •costs; as to him the word “judgment” as used in that condition has reference only to a judgment for costs. Mrs. E. K. Moss, EX. v. Hakenjos Piano Co., Ltd., 10 Orl.App. 7; Byrne v. Riddell, 4 La.Ann. 3; Tipton v. Crow, 3 Rob. 63.
We realize that the cited cases are old. But we know of no change in the law, either by statute or jurisprudence, and consequently the rule of those cases remains unchanged. The cited case of Byrne v. Riddell is directly in point.
The judgment appealed from is affirmed.
Affirmed.