SAVOY, Judge.
Plaintiff has appealed from a judgment of the district court rejecting'its demand for a mandatory injunction to prevent alleged violation of the terms of an alleged union contract between it and defendant.
Plaintiff applied for and was granted a temporary restraining order which was dissolved by the trial judge upon application made by defendant for a dissolution thereof.
Plaintiff re-applied for a restraining order which was granted by the trial judge. Defendant filed certain exceptions and an answer to the rule nisi. It was agreed and Stipulated by counsel for the parties that the trial on the rule would be considered as a trial on the merits. The exceptions filed by defendant were overruled. After a trial thereof, the judge recalled the order granting the restraining order and rendered judgment in favor of defendant and against plaintiff, rejecting its demands and dismissing said suit.
On appeal counsel for defendant prays that the judgment of the district court be amended by allowing attorneys’ fees for dissolving the original restraining order granted in the instant case.
The principal issues for determination are: whether one of defendant’s employees, James A. Mazilly, had specific authority to sign the agreement in question. If the first question is answered in the negative, then the second proposition to be resolved is whether Mazilly had apparent authority to sign the agreement, and whether the defendant, because of the action of its employee and agent, is estopped from denying the existence of the contract.
The facts of the case are substantially as follows:
Defendant was engaged in doing some work for United Gas Corporation in the Parish of Lafayette, Louisiana. The defendant was doing this work with non-union labor. Mr. Eddie P. Courville, business agent for Local 406, AFL-CIO, of the International Union of Operating Engineers, approached Mr. Mazilly, construction superintendent for defendant on the United Gas job, and stated that the local was desirous that defendant sign an agreement with it. Mazilly stated that he had no authority to sign, but called in Mr. Pierce, Vice President of defendant corporation, who lived in Lafayette, Louisiana. Pierce told Courville and two other business agents that the corporation would not sign the agreement. During the negotiations, the job was shut down. Mazilly then called Mr. Guy Scrog-gins who lives in Lake Charles, Louisiana. Mr. Scroggins is President of the defendant corporation and owns at least 90% of the stock of said corporation. Following the *726 conversation with Scroggins, Mazilly signed the agreement in question, union men went on the job, and it was completed without delay.
After hearing the witnesses, the trial judge stated that he was of the opinion that Mazilly did not have specific authority from Scroggins to sign said agreement. Scroggins testified specifically that he did not authorize the contract. We agree with the trial court that Mazilly did not have specific authority to sign the contract on behalf of the defendant corporation.
The final question for determination is whether Mazilly had apparent authority to sign the contract, and whether defendant, by its acts or conduct, is estopped from denying the agency or authority of Mazilly to sign the contract.
In Goldman v. Greater Louisiana Corporation, La.App., 4 Cir., 1961, 126 So.2d 771, the court said:
“Where one, by acts or conduct, has knowingly caused or permitted another to act within the latter’s apparent authority as his agent to the injury of third persons who themselves have acted in good faith and with reasonable prudence, he is estopped from denying the agency or the authority. See Vicknair v. Bonneval, La.App., 47 So.2d 57; Laroque v. Ovalasiti, La.App., 13 So. 2d 747, 19 C.J.S. Corporations § 996.”
Able counsel for plaintiff contends that the above principle of law is applicable to the instant case for the reason that after Pierce told Courville that the corporation would not sign the agreement, Mazilly called Scroggins, President and majority stockholder, in connection with the matter; and that after this conversation Scroggins told, him to hire union men on the job. Mazilly signed the contract. That by allowing Mazilly to sign the contract and subsequent employment of union labor on the job, the corporation is estopped from now repudiating said solemn obligation.
This Court is of the opinion that, when Mazilly signed the contract in the instant case after speaking to Scroggins, he-became clothed with apparent authority to» act for defendant; and once it accepted the benefits of the contract, it is now estopped from repudiating same. In the recent case of James v. Judice, La.App., 3 Cir., 1962, 140 So.2d 169, we pointed out that where an agent was clothed with apparent, authority by his employer to perform certain acts, and a third person had no knowledge or reason to believe that there were-any limitations on said authority, then the-principal is estopped from setting aside-the acts of the agent which are within his-apparent authority, although beyond the actual power delegated to him.
As to the contention that Mazilly believed', he was signing a temporary agreement for-that specific job, we note that there is no-allegation made by defendant that Mazilly executed the agreement through error, and. the agreement itself provides for a specific term, namely, from May 1, 1960, to April' 30, 1965. Mazilly is presumed to have read what he signed. The acceptance of the agreement and the National Pipe Line agreement marked “P-2” in the record were-in the possession of the defendant.
The next contention advanced by-counsel for defendant is that said agreement is null and void since it contains a potesta-tive condition because the agreement attempts to bind defendant employer to employ union men, but there is no corresponding obligation on the part of the union to-furnish men who will actually work for the contractor. After reading the contract, this-Court is of the opinion that the contract is a valid one, and that it does not contain-, a potestative condition.
The final matter for decision is that of attorneys’ fees for dissolving the original' restraining order. In its answer defendant asked for attorneys’ fees for dissolving the-original temporary restraining order issued in the instant case.
*727 It is well settled that attorneys’ -fees can be recovered for the dissolution of sl restraining order. Watkins v. Abshire, La.App., 1 Cir., 1959, 108 So.2d 666, and cases cited therein. However, in the instant ■case there is no showing that defendant produced any evidence fixing the value of said attorneys’ fees, and the trial judge did not allow any.
In the case of Thomas W. Hooley & Sons v. Zurich General Accident and Liability Insurance Company, 235 La. 289, 103 So.2d 449, 67 A.L.R.2d 1078, our State Supreme Court said:
“Plaintiff’s petition demanded $730.50 as reasonable attorney’s fees. In the .absence of evidence in the record as to the value of such reasonable attorney’s fees, cf., Melancon v. Texas Co., 230 La. 593, 89 So.2d 135 (syllabi 16, 17), or -of a finding by the trial court under the •eye of which the services were performed as to the reasonable valuation thereof, cf., Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (syllabus 29) this appellate court will non-suit plaintiff’s claim in this regard.”
Because of the above cited cases and the -evidence in the instant case, this Court can•not allow defendant attorneys’ fees on this "hearing; and this claim is dismissed as of -nonsuit.
For the written reasons assigned, the judgment of the district court is reversed, .•and judgment is hereby rendered in favor of plaintiff and against defendant, granting -plaintiff a permanent injunction against defendant, Guy Scroggins, Inc., enjoining it from violating the terms of the contract between the parties herein. Appellee to pay all costs of this appeal.
Reversed.