BARNETTE, Judge.
This is an action on a lien release bond seeking recovery of $10,725. From a judgment for plaintiff in the amount of $10,000, the defendant United Bonding Insurance Company appealed suspensively. The plaintiff A. J. McCall then appealed devolutively praying for judgment for the full amount of $10,725. The facts are not in dispute, and the question presented concerns the authority of the agent for the bonding company to bind his principal on the release bond in question.
Plaintiff A. J. McCall timely filed labor liens totaling $10,725 against certain im *402 movable property owned by Manor Development Corporation in Live Oak Manor Subdivision of Jefferson Parish. The liens were duly recorded in the mortgage office hy the Clerk of Court and Ex Officio Recorder of Mortgages for the Parish of Jefferson. On . May 12, 1961, McCall brought suit against Manor Development Corporation for $10,725 with recognition •and enforcement of the liens. While the suit was pending, in December 1961, plaintiff went to the office of the Clerk of Court •and Ex Officio Recorder of Mortgages for the purpose of reinscribing the liens before the expiration of one year from the date of filing. He then learned that the liens had been released and cancelled on March 29, 1961, upon the filing of a lien release "bond by Manor Development Corporation, as principal, and United Bonding Insurance Company, as surety, and approved by the ■Clerk of Court under the provisions of LSA-R.S. 9:4841. The lien release bond was in the amount of $13,500, being one and one-fourth the amount of the liens as required by the statute.
On January 6, 1965, McCall obtained judgment against Manor Development Corporation in the amount of $10,725 with legal interest from May 12, 1961. Being unable to obtain satisfaction of the judgment from Manor, McCall sought payment of the United Bonding Insurance Company on the aforesaid lien release bond. Payment was refused and this suit followed.
Attached to and filed with the lien release bond are two powers of attorney by the United Bonding Insurance Company to J. S. Montaldo or Frances C. Pflueger, authorizing them to act as agent and attorney in fact in the execution and delivery of certain bonds within fixed limits. The bond in proper form was executed by J. S. Mon-taldo as agent and attorney in fact. The question arises out of the alleged want of authority of Montaldo to execute a lien release bond in excess of a $10,000 maximum penalty.
One power of attorney authorizes Montaldo, as agent and attorney in fact, “to execute Bid and Performance Bonds including Lien Bonds not to exceed $35,-000.” A lien release bond is distinctively different from an ordinary lien bond and requires a higher premium payment. Therefore, that power of attorney is irrelevant. It should not have been attached to the lien release bond in question.
There is no merit in the argument the the authority to execute a lien bond is ambiguous or uncertain or implies authority also to execute a lien release bond. We reject the argument that the distinction is merely a technical one to be construed against the principal.
The other power of attorney authorizes Montaldo, as agent and attorney in fact, to execute and deliver for and on behalf of United certain specific bonds with “maximum penalty” of $200,000; certain other bonds with a $50,000 maximum; and “ANY OTHER BOND (excluding Stay, Super-sedeas, Appeal, Defendant, Open Penalty, Contract, or Bail Bond)” with maximum penalty of $10,000. Authority for the execution of the bond in question must be found in this latter specific authorization.
Plaintiff’s petition contains no allegation of express or implied ratification by the defendant of its agent’s unauthorized act in executing the $13,500 bond. After presenting his case in chief on the issues pleaded and as defendant was about to present evidence in rebuttal, plaintiff sought to amend his petition “to plead the doctrine of equitable estoppel.” The trial judge refused to allow the amendment at that stage of the proceeding. For this reason, he would not hear testimony relative to the usual method observed by bonding company agents in reporting the execution of bonds. We find no abuse of discretion in this ruling of the trial court.
The agent Montaldo was not called to testify, and there is nothing in the record before us relative to the premium. We are *403 left in doubt as to whether it was based on $10,000 or $13,500, or if and when it was remitted to the defendant United Bonding Insurance Company. The sole issue revolves around the authority of Montaldo to bind his principal, and, if so, to what limit, under the above-described power of attorney.
None of the cases cited and relied upon by plaintiff are relevant to the issue pleaded and on which testimony was taken.[1] These cases relate to ratification of the unauthorized act of an agent: by failure to protest within a reasonable time; by accepting the benefits of his unauthorized act; by adoption of his act expressly or by implication when possessed of full knowledge of all the facts, etc. Under the ruling of the trial court disallowing the amended petition and excluding testimony on these points, these authorities are not relevant to the issue tried.
An amicus curiae brief filed on behalf of the Clerk of Court and Ex Officio Recorder of Mortgages for Jefferson Parish presents the argument of ratification and acquiescence based upon alleged facts and circumstances, which may have merit, but which are not disclosed .by the record before us on this appeal. As we have stated above, there is no evidence of the premium paid or its acceptance by defendant. Neither is there any evidence of defendant’s actual knowledge of its agent’s excess of authority nor is there any evidence of defendant’s silence after full knowledge. Reference in the brief to the motion by defendant’s attorney to be made attorney of record in McCall’s suit against Manor Development Company in 1961 cannot be considered, since the record before us contains no evidence on this point. Further, any attempt to introduce such evidence would have been disallowed, and properly, under the trial court’s ruling on that point. Clearly, it would have been an enlargement of plaintiff’s pleadings. Counsel’s argu-' ment based upon defendant’s failure to allege and prove nonpayment of premium,, lack of authority of its agent or fraudulent exercise of power is without merit. It was. not incumbent upon defendant to allege-negatives or raise issues of defense in the-absence of plaintiff’s affirmative allegations on these points.
The defendant has cited and relies upon the recent opinion of this court in American Employers Ins. Co. v. Schoenfeld, 162 So.2d 743 (1964). That case involved a bonding company agent who was authorized to execute criminal bail bonds. We held she had no authority whatever to execute an appeal bond in a civil case on behalf of her principal. The Schoenfeld case did not raise the issue of the limit of an acknowledged authority to execute a certain type of bond, as here, but the total want of authority.
The defendant points to our opinion in that case wherein we said:
“Statements or representations made only by an agent as to his authority are not sufficient in themselves to bind the principal and any person dealing with an agent must use reasonable diligence and prudence to determine whether the agent acts within the scope of his authority. Goldman v. Greater Louisiana Corp., La.App., 126 So.2d 771; O. E. Haring, Inc. v. Boylan’s Private Police, La.App., 56 So.2d 588; 13 Am.Jur., Corp. § 891. * * * ” 162 So.2d at 745.
This could have some bearing upon the action of the Clerk of Court in approving and accepting the lien release bond on the authority of the power of attorney in question. However, the question of the liability of the Clerk of Court, for cancellation of the liens on the authority presented, is not before us. There were no dealings between *404 the plaintiff and defendant’s agent, and there is no question of plaintiff’s reliance itpon any representations of authority the agent might have made.
The substantive facts which we have stated above were not disputed. The testimony taken on trial was that of four persons qualified as experts in the business of executing various types of bonds for principals upon powers of attorney similar to that in question here. A deputy clerk of court testified about his approval and acceptance of the lien release bond.
The testimony of the so-called bond-writing experts was entirely in the realm of opinion as to the authority vested in Mon-taldo to execute the bond in question. They were in complete agreement that the power of attorney for the execution of “Bid and Performance Bonds” and “Lien Bonds not to exceed $35,000” did not authorize the execution of a lien release bond. They were also in agreement that Montaldo had exceeded his authority under the other power of attorney by executing a bond in excess of $10,000. Only one of them, William H. Ellsworth, called as a witness for defendant-appellant, expressed the opinion that since the bond in question was for an amount in excess of the $10,000 authorized limit, that power of attorney “would not apply.” He agreed with the other witnesses that if the release bond had been for any amount up to $10,000, the defendant would definitely be bound.
The other three witnesses were of the opinion that notwithstanding the execution of the bond in excess of the authorized limit, the principal was bound by its agent’s act to the extent of $10,000. One of the witnesses, Donald R. Morrison, distinguished between the limitation of authority to write certain types of bonds and the limitation of amount of the authorized bond.
The trial judge correctly applied the testimony of the so-called expert witnesses. He held, in substance, that their interpretation of the power of attorney would be weighed and considered only as an aid to the court, but that the opinion of the legal effect to be given to the power of attorney rested finally with the court.
It is our opinion that the power of attorney in question clearly authorized the agent Montaldo to execute and deliver for and on behalf of his principal, United Bonding Insurance Company, a lien release bond with a maximum penalty of $10,OCX). In view of the conclusion which we express below, it is not necessary for us to decide now the correctness of the trial judge in allowing recovery to the extent of the agent’s authorization, and we expressly pretermit 'that question.
It is reasonable to assume that a premium was paid for the execution and filing of the bond and that there was some communication between the agent and his principal in regard to the matter. If so, the principal had notice of the execution of the bond in excess of the authorized maximum penalty. The existence and extent of any acts which would tend to indicate a ratification of the agent’s unauthorized act can only be determined after all the facts have been established.
Whether we affirm the judgment appealed from in the amount granted or reverse it, serious issues will be left undecided which would require further litigation. The law abhors a multiplicity of suits. For this reason and for the further reason that the ends of justice would be served thereby, we will exercise the authority granted to us by LSA — C.C.P. art. 2164 and remand the case for further trial. On remand the right shall be reserved to both plaintiff and defendant to amend the pleadings as may be necessary to present properly for trial all the material facts essential to a complete, final, and equitable adjudication of the issues involved herein.
For the foregoing reasons, the judgment appealed from is annulled and set aside. The case is remanded to the trial court for such amendment of the pleadings and fur- *405 tlier trial and judgment as the law provides consistent with the views herein expressed.
All costs of the lower court shall await final judgment herein. Since both parties are appellants, each is cast for the costs of its appeal in this court
Judgment annulled and case remanded.

. Johnson v. Carrere, 45 La.Ann. 847, 13 So. 195 (1893); Szymanski v. Plassan, 20 La.Ann. 90 (1868); Starr & Howland v. Zacharie & Co., 18 La. 517 (1841); Dupre v. Splane, 16 La. 51 (1840); Stevens-Davis Co. v. Liberty Industrial Life Ins. Co., 12 La.App. 577, 126 So. 249 (Orleans 1930); J. A. Coates & Son, Ltd. v. Lorio, 8 Orleans App. 112 (1911).