Dear Sheriff Bourgeois:
Your request for an Attorney General's opinion was forwarded to me for research and reply. As I understand it, your question is as follows:
 May a bondsman "stack" powers of attorney granted by a single surety in order to meet a total bail requirement, which exceeds the amount authorized on any individual power of attorney?
Under the law of principal and agency, the bail undertaking is a contract of suretyship whereby the bondsman acts as the agent for an insurer, who is the surety on the bond. The power of attorney is the authorization of the surety that allows the bondsman to act as agent in executing the bail undertaking.
La. C.C.P. art. 3010 states that if an agent exceeds his authority, the principal is not liable unless the agent's action are thereby ratified. In other words, if the bondsman goes beyond the authority given to him by the surety, the surety is not bound unless, for example, he does something to show approval after the fact, such as accepting the premiums for the unauthorized bond.
If the power of attorney on each bond is limited to $5,000, this indicates that the bondsman is authorized only up to this amount. However, "stacking" of bonds from different sureties may be acceptable as long as each bondsman does not exceed his express authority to contract on behalf of his surety.
In American Employer's Insurance Co. v. Schoenfeld, 162 So.2d 743
(La.App. 4th Cir. 1964), a sub-subagent for a surety exceeded her authority when she signed for an appeal bond when she was only authorized to sign bail and other appearance bonds. The surety was held not liable on the bond. The court said that any person dealing with an agent is charged with using reasonable diligence and care to determine whether an agent is acting within the scope of his authority.
In Hill v. Maryland, 585 A.2d 252 (Md.App. 1991), the bail bondsman stacked ten $5,000 power of attorney forms in order to meet a $50,000 bail obligation. The court found that the bondsman exceeded his authority and that the surety was not liable even though the District Court allowed such stacking. The power of attorney contained the express limitation that the power was:
 [V]oid if used with other powers of this company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once. The obligation of the company shall not exceed the sum of Five Thousand Dollars.
In Hill, there was no evidence that showed that the surety knew of the district court policy of allowing stacking or that the surety had received the premium.
Another consideration is that the policy behind bail is to assure the appearance of the bailee. By allowing stacking as you have described, only one surety rather than several would be responsible for the appearance of the bailee, thereby reducing the likelihood that he could be produced for appearance should he default on the bail.
In summary, it is the opinion of this office that since express authorization on each bond is limited to $5,000, the sureties intended to limit the bond undertaking for each bailee to $5,000. Upon default, the surety would be liable only for the first $5,000 bond since the bondsman has exceeded his authority. Therefore, "stacking" powers of attorney without approval or ratification by one surety means that the bondsman himself is the responsible party.
I hope that this opinion adequately addresses your question, but if we can be of further assistance, please do not hesitate to contact the office again.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KATHLEEN E. PETERSEN Asst. Attorney General
KEP/bb-2017e